** E-filed December 13, 2011 **

1   IRELL & MANELLA LLP
    Morgan Chu (70446) (mchu@irell.com)
2   Joseph M. Lipner (155735) (jlipner@irell.com)
    Brian D. Ledahl (186579) (bledahl@irell.com)
3   Ian R. Washburn (274759) (iwashburn@irell.com)
    1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276
4   Telephone: (310) 277-1010   Facsimile: (310) 203-7199

5   Attorneys for Plaintiff Tessera, Inc.

6   ORRICK, HERRINGTON & SUTCLIFFE LLP
    Michael F. Heafey (153499) (mheafey@orrick.com)
7   1000 Marsh Road, Menlo Park, California 94025-1015
    Telephone: (650) 614-7400   Facsimile: (650) 614-7401

8   CLEARY GOTTLIEB STEEN & HAMILTON LLP
    Lawrence B. Friedman, Esq. (*pro hac vice*) (lfriedman@cgsh.com)
9   David H. Herrington, Esq. (*pro hac vice*) (dherrington@cgsh.com)
    One Liberty Plaza, New York, New York 10006-1470
10  Telephone: (212) 225-2000   Facsimile: (212) 225-3999

11  Attorneys for Defendant UTAC (Taiwan) Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | Case No. CV 10-4435-EJD |
| Plaintiff, | STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS (AS MODIFIED BY THE COURT) |
| v. | |
| UTAC (TAIWAN) CORPORATION, | |
| Defendant. | |

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section

1 | 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential

2 | information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

3 | the standards that will be applied when a party seeks permission from the court to file material

4 | under seal.

5 |     2.    <u>DEFINITIONS</u>

6 |     2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

7 | information or items under this Order.

8 |     2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how

9 | it is generated, stored or maintained) or tangible things that qualify for protection under Federal

10 | Rule of Civil Procedure 26(c).

11 |     2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel

12 | (as well as their support staff).

13 |     2.4    <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY

14 | CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

15 |     2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or

16 | items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

17 | "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18 |     2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of

19 | the medium or manner in which it is generated, stored, or maintained (including, among other

20 | things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or

21 | responses to discovery in this matter.

22 |     2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter

23 | pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert

24 | witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a

25 | Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a

26 | Party or of a Party's competitor.

27 |     2.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information</u>

28 | <u>or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another

1 Party or Non-Party would create a substantial risk of serious harm that could not be avoided by
2 less restrictive means.

3        2.9    House Counsel: attorneys who are employees of a party to this action.
4 House Counsel does not include Outside Counsel of Record or any other outside counsel.

5        2.10   Non-Party: any natural person, partnership, corporation, association, or
6 other legal entity not named as a Party to this action.

7        2.11   Outside Counsel of Record: attorneys who are not employees of a party to
8 this action but are retained to represent or advise a party to this action and have appeared in this
9 action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that
10 party.

11        2.12   Party: any party to this action, including all of its officers, directors,
12 employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

13        2.13   Producing Party: a Party or Non-Party that produces Disclosure or
14 Discovery Material in this action.

15        2.14   Professional Vendors: persons or entities that provide litigation support
16 services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and
17 organizing, storing, or retrieving data in any form or medium) and their employees and
18 subcontractors.

19        2.15   Protected Material: any Disclosure or Discovery Material that is designated
20 as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

21        2.16   Receiving Party: a Party that receives Disclosure or Discovery Material
22 from a Producing Party.

23    3.    SCOPE

24        The protections conferred by this Stipulation and Order cover not only Protected
25 Material (as defined above), but also (1) any information copied or extracted from Protected
26 Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any
27 testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected
28 Material. However, the protections conferred by this Stipulation and Order do not cover the

STIPULATED PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

1  following information: (a) any information that is in the public domain at the time of disclosure to

2  a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

3  a result of publication not involving a violation of this Order, including becoming part of the

4  public record through trial or otherwise; and (b) any information known to the Receiving Party

5  prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

6  obtained the information lawfully and under no obligation of confidentiality to the Designating

7  Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

8      4.    DURATION

9          Even after final disposition of this litigation, the confidentiality obligations

10  imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

11  or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal

12  of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein

13  after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

14  action, including the time limits for filing any motions or applications for extension of time

15  pursuant to applicable law. For a period of six months after final disposition of this litigation, this
                              court will retain jurisdiction to enforce the terms of this order.

16      5.    DESIGNATING PROTECTED MATERIAL

17      5.1    Exercise of Restraint and Care in Designating Material for Protection. Each

18  Party or Non-Party that designates information or items for protection under this Order must take

19  care to limit any such designation to specific material that qualifies under the appropriate

20  standards. To the extent it is practical to do so, the Designating Party must designate for

21  protection only those parts of material, documents, items, or oral or written communications that

22  qualify – so that other portions of the material, documents, items, or communications for which

23  protection is not warranted are not swept unjustifiably within the ambit of this Order.

24          Mass, indiscriminate, or routinized designations are prohibited. Designations that

25  are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

26  unnecessarily encumber or retard the case development process or to impose unnecessary

27  expenses and burdens on other parties) expose the Designating Party to sanctions.

28

STIPULATED PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

        If it comes to a Designating Party's attention that information or items that it
designated for protection do not qualify for protection at all or do not qualify for the level of
protection initially asserted, that Designating Party must promptly notify all other parties that it is
withdrawing the mistaken designation.

        5.2    Manner and Timing of Designations.  Except as otherwise provided in this
Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
designated before the material is disclosed or produced.

        Designation in conformity with this Order requires:

        (a)    for information in documentary form (e.g., paper or electronic documents,
but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" to each page that contains protected material.  Where it is not practicable to affix a
legend to each page, the Producing Party must affix the legend to the Protected Material by a
similar means sufficient to clearly identify the designation applied to the Protected Material.  If
only a portion or portions of the material on a page qualifies for protection, the Producing Party
also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the
margins) and must specify, for each portion, the level of protection being asserted.

        A Party or Non-Party that makes original documents or materials available for
inspection need not designate them for protection until after the inspecting Party has indicated
which material it would like copied and produced.  During the inspection and before the
designation, all of the material made available for inspection shall be deemed "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the
documents it wants copied and produced, the Producing Party must determine which documents,
or portions thereof, qualify for protection under this Order.  Then, before producing the specified
documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains
Protected Material.  Where it is not practicable to affix a legend to each page, the Producing Party

must affix the legend to the Protected Material by a similar means sufficient to clearly identify the designation applied to the Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall

STIPULATED PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

1   inform the court reporter of these requirements.  Any transcript that is prepared before the

2   expiration of a 21-day period for designation shall be treated during that period as if it had been

3   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

4   otherwise agreed.  After the expiration of that period, the transcript shall be treated only as

5   actually designated.

6           (c)   for information produced in some form other than documentary and for any

7   other tangible items, that the Producing Party affix in a prominent place on the exterior of the

8   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

9   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of

10  the information or item warrant protection, the Producing Party, to the extent practicable, shall

11  identify the protected portion(s) and specify the level of protection being asserted.

12          5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure

13  to designate qualified information or items does not, standing alone, waive the Designating Party's

14  right to secure protection under this Order for such material.  Upon timely correction of a

15  designation, the Receiving Party must make reasonable efforts to assure that the material is treated

16  in accordance with the provisions of this Order.

17      6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

18          6.1   Timing of Challenges.  Any Party or Non-Party may challenge a

19  designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's

20  confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

21  economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

22  right to challenge a confidentiality designation by electing not to mount a challenge promptly after

23  the original designation is disclosed.

24          6.2   Meet and Confer.  The Challenging Party shall initiate the dispute

25  resolution process by providing written notice of each designation it is challenging and describing

26  the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the

27  written notice must recite that the challenge to confidentiality is being made in accordance with

28  this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge

STIPULATED PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

1   in good faith and must begin the process by conferring directly (in voice to voice dialogue; other

2   forms of communication are not sufficient) within 14 days of the date of service of notice.  In

3   conferring, the Challenging Party must explain the basis for its belief that the confidentiality

4   designation was not proper and must give the Designating Party an opportunity to review the

5   designated material, to reconsider the circumstances, and, if no change in designation is offered, to

6   explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage

7   of the challenge process only if it has engaged in this meet and confer process first or establishes

8   that the Designating Party is unwilling to participate in the meet and confer process in a timely

9   manner.

10

11   6.3 Judicial Intervention. If the Parties cannot resolve a challenge after complying with
the meet and confer requirements above, the parties shall file a Discovery Dispute Joint Report

12   ("DDJR"), pursuant to the undersigned's Standing Order re Civil Discovery Disputes. The DDJR
shall affirm that the above meet and confer requirements have been satisfied. The DDJR must be

13   filed within 5 business days after the conclusion of the meet and confer sessions (or 5 business days
after reaching impasse as to a particular issue). In no event may a DDJR be filed later than 7 days

14   after the discovery cut-off date(s) as prescribed in Civil L.R. 37-3. Failure by the Designating Party
to defend its confidentiality designation(s) through the DDJR shall automatically waive the

15   confidentiality designation for each challenged designation.

16

17

18

19

20

21

22

23

24   The burden of persuasion in any such challenge proceeding shall be on the

25   Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass

26   or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

27   to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

28   ~~file a motion~~ seek relief to retain confidentiality as described above, all parties shall continue to afford the

STIPULATED PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

1 material in question the level of protection to which it is entitled under the Producing Party's
2 designation until the court rules on the challenge.

3       7.      ACCESS TO AND USE OF PROTECTED MATERIAL

4               7.1     Basic Principles. A Receiving Party may use Protected Material that is
5 disclosed or produced by another Party or by a Non-Party in connection with this case only for
6 prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be
7 disclosed only to the categories of persons and under the conditions described in this Order. When
8 the litigation has been terminated, a Receiving Party must comply with the provisions of section
9 14 below (FINAL DISPOSITION).

10              Protected Material must be stored and maintained by a Receiving Party at a
11 location and in a secure manner that ensures that access is limited to the persons authorized under
12 this Order.

13              7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
14 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
15 disclose any information or item designated "CONFIDENTIAL" only to:

16              (a)     the Receiving Party's Outside Counsel of Record in this action, as well as
17 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
18 information for this litigation;

19              (b)     the officers, directors, and employees (including House Counsel) of the
20 Receiving Party to whom disclosure is reasonably necessary for this litigation and who have
21 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22              (c)     Experts (as defined in this Order) of the Receiving Party to whom
23 disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment
24 and Agreement to Be Bound" (Exhibit A);

25              (d)     the court and its personnel;

26              (e)     court reporters and their staff, professional jury or trial consultants, mock
27 jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and
28 who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

1          (f)      during their depositions, witnesses in the action to whom disclosure is

2  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

3  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of

4  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

5  separately bound by the court reporter and may not be disclosed to anyone except as permitted

6  under this Stipulated Protective Order.

7          (g)      the author or recipient of a document containing the information or a

8  custodian or other person who otherwise possessed or knew the information.

9          7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

10 ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

11 the Designating Party, a Receiving Party may disclose any information or item designated

12 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

13         (a)      the Receiving Party's Outside Counsel of Record in this action, as well as

14 employees of said Outside Counsel of Record;

15         (b)      Designated House Counsel of the Receiving Party (1) to whom disclosure is

16 reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement

17 to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(1),

18 below, have been followed;

19         (c)      Experts of the Receiving Party (1) to whom disclosure is reasonably

20 necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

21 Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below,

22 have been followed;

23         (d)      the court and its personnel;

24         (e)      court reporters and their staff, professional jury or trial consultants, mock

25 jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and

26 who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

27         (f)      the author or recipient of a document containing the information or a

28 custodian or other person who otherwise possessed or knew the information.

STIPULATED PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

7.4     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.</u>

(a)(1)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that sets forth the full name of the Designated House Counsel and the city and state of his or her residence.

(a)(2)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1               (c)     A Party that receives a timely written objection must meet and confer with

2 the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

3 agreement within seven days of the written objection.  If no agreement is reached, ~~the Party~~ the parties

4 ~~seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as~~ must comply with Section 6.3, above, and the undersigned's Standing Order re: Civil Discovery Disputes.

5 ~~provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)~~

6 ~~seeking permission from the court to do so.  Any such motion must describe the circumstances~~

7 ~~with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or~~

8 ~~the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and~~

9 ~~suggest any additional means that could be used to reduce that risk.  In addition, any such motion~~

10 ~~must be accompanied by a competent declaration describing the parties' efforts to resolve the~~

11 ~~matter by agreement (i.e., the extent and the content of the meet and confer discussions) and~~

12 ~~setting forth the reasons advanced by the Designating Party for its refusal to approve the~~

13 ~~disclosure.~~

14         In any such proceeding, the Party opposing disclosure to Designated House

15 Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure

16 would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the

17 Protected Material to its Designated House Counsel or Expert.

18         8.    PROSECUTION BAR

19         Absent written consent from the Producing Party, any individual who receives access to

20 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved

21 in the prosecution of patents or patent applications relating to semiconductor packaging, including

22 without limitation the patents asserted in this action and any patent or application claiming priority

23 to or otherwise related to the patents asserted in this action, before any foreign or domestic agency,

24 including the United States Patent and Trademark Office ("the Patent Office").  For purposes of

25 this paragraph, "prosecution" generally includes directly or indirectly drafting, amending,

26 advising, or otherwise affecting the scope or maintenance of patent claims.  However, to avoid any

27 doubt, "prosecution" as used in this paragraph does not include representing a party challenging or

28 defending a patent before a domestic or foreign agency (including, but not limited to, a reissue

STIPULATED PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

1  protest, ex parte reexamination or inter partes reexamination).  This Prosecution Bar shall begin

2  when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first

3  received by the affected individual and shall end two (2) years after final termination of this

4  action.

5      9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

6  OTHER LITIGATION

7          If a Party is served with a subpoena or a court order issued in other litigation that

8  compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or

9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

10         (a)    promptly notify in writing the Designating Party.  Such notification shall

11  include a copy of the subpoena or court order;

12         (b)    promptly notify in writing the party who caused the subpoena or order to

13  issue in the other litigation that some or all of the material covered by the subpoena or order is

14  subject to this Protective Order.  Such notification shall include a copy of this Stipulated

15  Protective Order; and

16         (c)    cooperate with respect to all reasonable procedures sought to be pursued by

17  the Designating Party whose Protected Material may be affected.

18         The Party served with the subpoena or court order shall not produce any

19  information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20  ATTORNEYS' EYES ONLY" before the Designating Party gives notice to the Receiving Party

21  whether the Designating Party opposes production of such information and has had a reasonable

22  opportunity to object to the production.  If the Designating Party timely seeks a protective order,

23  the Party served with the subpoena or court order shall not produce any such information before a

24  determination by the court from which the subpoena or order issued, unless the Party has obtained

25  the Designating Party's permission.  The Designating Party shall be solely responsible for

26  asserting any objection to the requested production and shall bear the burden and expense of

27  seeking any protection in that court of its confidential material – and nothing in these provisions

28

1 should be construed as authorizing or encouraging a Receiving Party in this action to disobey a

2 lawful directive from another court.

3      10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN

4 THIS LITIGATION

5      (a)    The terms of this Order are applicable to information produced by a Non-

6 Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

7 ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with

8 this litigation is protected by the remedies and relief provided by this Order. Nothing in these

9 provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10      (b)    In the event that a Party is required, by a valid discovery request, to produce

11 a Non-Party's confidential information in its possession, and the Party is subject to an agreement

12 with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

13      1.    promptly notify in writing the Requesting Party and the Non-Party

14 that some or all of the information requested is subject to a confidentiality agreement with a Non-

15 Party;

16      2.    promptly provide the Non-Party with a copy of the Stipulated

17 Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

18 description of the information requested; and

19      3.    make the information requested available for inspection by the Non-

20 Party.

21      (c)    If the Non-Party fails to object or seek a protective order from this court

22 within 14 days of receiving the notice and accompanying information, the Receiving Party may

23 produce the Non-Party's confidential information responsive to the discovery request. If the Non-

24 Party timely seeks a protective order, the Receiving Party shall not produce any information in its

25 possession or control that is subject to the confidentiality agreement with the Non-Party before a

26 determination by the court. Absent a court order to the contrary, the Non-Party shall bear the

27 burden and expense of seeking protection in this court of its Protected Material.

28 See Paragraph 15.

STIPULATED PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

1        11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

2               If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

3    Protected Material to any person or in any circumstance not authorized under this Stipulated

4    Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party

5    of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

6    Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made

7    of all the terms of this Order, and (d) request such person or persons to execute the

8    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9        12.    DISCLOSURE OF PRIVILEGED INFORMATION

10              The production of Disclosure or Discovery Material (including documents) in this

11   action which a Party or Non-Party later claims should not have been produced because of a

12   privilege or protection from discovery, including but not limited to the attorney-client privilege,

13   work product privilege, joint defense privilege, and/or settlement privilege, shall not be deemed to

14   waive any privilege or protection from discovery. A Party or Non-Party may request the return or

15   destruction of such Disclosure or Discovery Material, which request shall identify the Disclosure

16   or Discovery Material and the basis for requesting its return. If a Receiving Party receives

17   Disclosure or Discovery Material that the Receiving Party believes may be subject to a claim of

18   privilege or protection from discovery, the receiving party shall promptly identify the Disclosure

19   or Discovery Material to the Producing Party or Non-Party. Upon identification of the Disclosure

20   or Discovery Material by the Producing Party or Non-Party or by the Receiving Party, a Receiving

21   Party: 1) shall not use, and shall immediately cease any prior use of, such Disclosure or Discovery

22   Material; 2) shall take reasonable steps to retrieve the Disclosure or Discovery Material from

23   others to which the Receiving Party disclosed the Disclosure or Discovery Material; 3) shall

24   within five (5) business days of the Producing Party's or Non-Party's request return to the

25   Producing Party or Non-Party or destroy the Disclosure or Discovery Material and destroy all

26   copies thereof; and 4) shall confirm to the Producing Party or Non-Party the destruction under

27   subsection 3) above of all copies of the Disclosure or Discovery Material not returned to the

28   Producing Party or Non-Party. No one shall use the fact of production of the Disclosure or

1  Discovery Material to argue that any privilege or protection has been waived. Within fourteen

2  (14) days of the identification of the Disclosure or Discovery Material by the Producing Party or

3  Non-Party or by the Receiving Party, and not thereafter, the Receiving Party may file a motion to

4  compel the production of the Disclosure or Discovery Material on the basis that: (a) the

5  information was never privileged or protected from disclosure; or (b) any applicable privilege or

6  immunity has been waived by some act other than the production of the Disclosure or Discovery

7  Material. The Producing Party or Non-Party and the Receiving Party shall meet and confer in

8  accordance with applicable law or Court rules regarding any such motion to compel.

9  Notwithstanding this provision, no party shall be required to return or destroy any Disclosure or

10  Discovery Material that may exist on any disaster recovery backup system.

11       13.   MISCELLANEOUS

12             13.1   Right to Further Relief. Nothing in this Order abridges the right of any

13  person to seek its modification by the court in the future.

14             13.2   Right to Assert Other Objections. By stipulating to the entry of this

15  Protective Order no Party waives any right it otherwise would have to object to disclosing or

16  producing any information or item on any ground not addressed in this Stipulated Protective

17  Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

18  the material covered by this Protective Order.

19             13.3   Filing Protected Material. Without written permission from the Designating

20  Party or a court order secured after appropriate notice to all interested persons, a Party may not file

21  in the public record in this action any Protected Material. A Party that seeks to file under seal any

22  Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

23  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

24  issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

25  establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

26  otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

27  Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving

28

- 16 -

1   Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)

2   unless otherwise instructed by the court.

3       14.    FINAL DISPOSITION

4           Within 60 days after the later of: 1) dismissal of all claims and defenses in this

5   action, with or without prejudice; or 2) final judgment herein after the completion and exhaustion

6   of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for

7   filing any motions or applications for extension of time pursuant to applicable law, each Party and

8   Non-Party must return all materials designated by any other Producing Party or Non-Party under

9   this Order to the Producing Party or Non-Party, or destroy such material, including all copies

10  thereof, and provide to the Producing Party or Non-Party a written certification of compliance

11  with this provision.  Notwithstanding this provision, outside counsel for a party or non-party are

12  entitled to retain archival copies of all pleadings, filings, trial, deposition, and hearing transcripts,

13  legal memoranda, correspondence, expert reports, attorney work product, and consultant and

14  expert work product, and exhibits to any of these materials, even if such materials reflect materials

15  designated under this Order.  Notwithstanding this provision, no Party shall be required to return

16  or destroy any materials designated under this Order that may exist on any disaster recovery

17  backup system.  Any such archival and/or backup copies of materials designated under this Order

18  shall remain subject to the provisions of this Order.

*15. In the event of any discovery or disclosure dispute, the parties and any affected non-parties shall comply with the undersigned's Standing Order re: Civil Discovery Disputes.*

19  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

20

21  DATED: 11 / 29 / 2011

Attorneys for Plaintiff

22

23  DATED: 11 / 30 / 2011

24

Attorneys for Defendant

25  PURSUANT TO STIPULATION, IT IS SO ORDERED.

26

27  DATED: _December 13, 2011_

28

~~Edward J. Davila~~ Howard R. Lloyd
~~United States District Judge~~
Magistrate

- 17 -

STIPULATED PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of *Tessera, Inc. v. UTAC (Taiwan)*

*Corporation*, No. CV 10-4435-EJD.  I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                     [signature]