*United States District Court*
*For the Northern District of California*

1
2
3
4
5
6
7

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | Case No. 10-CV-04435-EJD |
| Plaintiff, | **ORDER GRANTING UTAC (TAIWAN)'S** |
| v. | **MOTION TO DISMISS WITH LEAVE TO** |
| | **AMEND** |
| UTAC (TAIWAN) CORPORATION, | |
| | Re: Docket Item No. 50 |
| Defendant. | |

Presently before the court is UTAC (Taiwan) Corporation's motion to dismiss the complaint for failure to state a claim. For the reasons set forth below, the motion is granted with leave to amend.

### I. BACKGROUND

Plaintiff Tessera, Inc. and Defendant UTAC (Taiwan) Corporation ("UTAC") entered into a patent license agreement in 2001. Compl. ¶ 3; Herrington Decl. Ex. A (the "Agreement"), May 17, 2011, ECF No. 51.[1] In 2002, they amended the Agreement. Compl. ¶ 3; Agreement 29–31. The Agreement grants UTAC the right ████████████████████████████████████████ ██████████████████████████████████████████████████████████ The Agreement defines ████████████████████████████████████████████

---

[1] Although the license agreement is not attached to the complaint, its contents may nevertheless be considered for the purpose of deciding a motion to dismiss pursuant to the "incorporation by reference" doctrine. <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th Cir. 2005).

1

1  ███████████████████████████████████████████ Attachment A to the

2  agreement contains███████████████████████████████████████

3  ████████████████████[1]

4      On September 23, 2010,███████████████████████████

5  ██████████████████████████ UTAC sent a letter announcing that its royalty payments

6  would stop. Compl. ¶ 14; Lipner Decl. Ex. C, June 17, 2011, ECF No. 58.[2] On the theory that

7  UTAC's letter constitutes an anticipatory breach of the Agreement, Tessera brings the instant action

8  for breach of contract and breach of the implied covenant of good faith and fair dealing, and for

9  declaratory relief adjudicating the parties' rights and obligations under the Agreement. Compl.

10  ¶¶ 15–31.

11

12                                    **II. LEGAL STANDARD**

13      On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must be

14  construed in the light most favorable to the non-moving party, and all material allegations in the

15  complaint are taken to be true. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986). This rule

16  does not apply to legal conclusions: "[t]hreadbare recitals of the elements of a cause of action,

17  supported by mere conclusory statements, do not suffice" to state a claim. Ashcroft v. Iqbal, 556

18  U.S. 662, 129 S. Ct. 1937, 1949 (2009). While a complaint does not need detailed factual allegations

19  to survive a 12(b)(6) motion, the plaintiff must provide grounds demonstrating its entitlement to

20  relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the plaintiff must allege

21  sufficient factual allegations "to raise a right to relief above the speculative level." Id. This threshold

22  is reached when the complaint contains sufficient facts to allow the court to draw a reasonable

23  inference that the defendant is liable for the alleged misconduct. Iqbal, 129 S. Ct. at 1950.

24

25  _____

26  ███[1]██████████████████████████████████████████

27  ████████████

28      [2] The contents of the letter may likewise be considered pursuant to the incorporation by
    reference doctrine. Knievel, 393 F.3d at 1076.

Case No. 10-CV-04435-EJD
ORDER GRANTING UTAC (TAIWAN)'S MOTION TO DISMISS

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III. DISCUSSION

UTAC moves to dismiss the complaint on the grounds that Tessera does not—and, it argues, cannot—allege facts establishing the breach element of its contract claims.

**A.    Determination of the Factual Issue of Contract Interpretation is Inappropriate on a Motion to Dismiss**

The Agreement grants UTAC ███████████████████████████████████
███████████████████████████████████████████████████████████████
Clearly, UTAC's nonpayment of royalties is only a breach of the Agreement if UTAC makes products that are in fact covered by the license. UTAC contends that the quoted definition covers only products that would otherwise (i.e., but for the Agreement) infringe one of the Tessera Patents. Tessera disagrees that the license is infringement-based.

UTAC's contention, if accepted, would require that Tessera plead facts supporting a reasonable inference of patent infringement in order to state its claim for breach of contract. In an action for patent infringement the complaint must, of course, make some allegation explaining how the defendant actually infringed one of the plaintiff's live patents. See Bender v. LG Elecs. U.S.A., Inc., No. C 09-02114 JF (PVT), 2010 WL 889541, at *6 (dismissing patent infringement claims for failure to state a claim).

At this stage of the litigation, the court would be remiss to accept UTAC's contention a matter of law. The briefing on the instant motion to dismiss has given the court an ample preview of where this case is headed: a determination of the lawful scope of sections I.A and II.A of the Agreement. Tellingly, each of the cases cited by the parties on this issue arose in the context of a summary judgment or some other evidentiary proceeding. E.g., Texas Instruments, Inc. v. Tessera, Inc., 231 F.3d 1325 (Fed. Cir. 2000) (preliminary injunction). MedImmune v. PDL BioPharma, Inc., C 08-5590 JF (HRL), 2011 WL 61191 (N.D. Cal. Jan. 7, 2011) (summary judgment). Resolution of the contract questions in this case will likewise require consideration of various kinds of evidence—much of which, regrettably, was submitted in accompaniment to the briefing on the instant motion to dismiss. The contract interpretation question will wait until summary judgment or trial.

3

**B.     The Complaint Fails to State a Claim for Breach of Contract**

Even without resolving the contract interpretation question, the complaint still lacks

allegations giving rise to a reasonable inference that UTAC breached the contract. The relevant

paragraphs of the complaint are quoted below:

> 12.     Under the Agreement (including without limitation Paragraph III.B), UTAC
> Taiwan has a continuing obligation to pay running royalties to Tessera. As provided
> in Section X.A and other portions of the Agreement, UTAC Taiwan's contractual
> obligations, including without limitation its obligation to pay royalties, continue in
> full force and effect.
> 13.     On information and belief, UTAC Taiwan has not paid all the royalties that it
> owes to Tessera under the Agreement.
> 14.     On September 23, 2010, the president of UTAC Taiwan, Johnson Hsu, sent a
> letter to Tessera announcing that UTAC Taiwan's royalty payments would end on
> September 24, 2010.
>
> . . .
>
> 18.     Tessera has performed all conditions, covenants, promises, and obligations
> required of it to be performed in accordance with the terms and conditions of the
> agreement.
> 19.     On information and belief, UTAC Taiwan has not paid the royalties owed
> under the contract and otherwise has not abided by the terms of the agreement.
> 20.     In addition, UTAC Taiwan's statement that it does not intend to perform its
> obligations to pay royalties under the contract constitutes a material, anticipatory
> breach of the contract.

The contract—which is incorporated by reference into the complaint—makes clear that

UTAC's duty to pay royalties is conditioned upon UTAC actually making products that the

Agreement covers. See Agreement § III.B. Fed. R. Civ. P. 9(c) allows plaintiffs to plead the

satisfaction of conditions precedent generally, but Tessera's complaint fails to do even that.[3]

Paragraph 18 of the complaint does allege that *Tessera* has performed all of *its* conditions precedent

to give rise to the duty UTAC allegedly breached. However, the complaint lacks any allegation that

UTAC made a product that would have triggered the obligation to pay royalties. The complaint does

state that UTAC owes royalties (¶¶ 13, 19), but does not say what the royalties are owed for. The

bare statement that royalties are owed amounts to a legal conclusion which, under Iqbal, is

---

[3] Pre-Iqbal Ninth Circuit case law holds that there is no blanket rule that a complaint must
plead the fulfilment of conditions precedent. See Kiernan v. Zurich Cos., 150 F.3d 1120, 1123–24
(9th Cir. 1998). But the Supreme Court's 2009 decision in Iqbal requires that the allegations of the
complaint, read as a whole, give rise to a reasonable inference of liability that is plausible and not
merely speculative. Kiernan does not hold that conditions precedent to a contract never need to be
pleaded.

4

1 | insufficient to state a claim. The claim for breach of contract is dismissed with leave to amend.

2 | **C. The Complaint Fails to State a Claim for Breach of the Implied Covenant of**
3 | **Good Faith and Fair Dealing**

4 | It is evident from the contract that the parties' expectations at the time of contracting were
5 | that UTAC would pay royalties to Tessera whenever UTAC made products which were covered by
6 | the contract. Since the complaint fails to allege that UTAC made products which were covered by
7 | the contract, Tessera does not raise a reasonable inference that it was deprived of a contractual
8 | benefit in violation of its expectations and the time of contracting. It therefore does not state a claim
9 | for breach of the implied covenant of good faith and fair dealing. See Sarbaz v. Wachovia Bank,
10 | No. C 10-03462 CRB, 2011 U.S. Dist. LEXIS 21552, at *7 (N.D. Cal. Mar. 3, 2011). The claim for
11 | a breach of the implied covenant of good faith and fair dealing is dismissed with leave to amend.

12 | **D. The Complaint Fails to State a Claim for Declaratory Relief**

13 | Tessera's declaratory relief claim is derivative of the contract causes of action, so it is
14 | likewise dismissed with leave to amend. See, e.g., Hilton v. Washington Mutual Bank, No. C 09-
15 | 1191, 2010 WL 727247, at *7–*8 (N.D. Cal. 2010).

16 |

17 | **IV. ORDER**

18 | Good cause therefor appearing, IT IS HEREBY ORDERED that UTAC (Taiwan)
19 | Corporation's Motion to Dismiss the Complaint is GRANTED WITH LEAVE TO AMEND.
20 | Tessera, Inc. shall file an amended complaint on or before April 19, 2012.

21 | **IT IS SO ORDERED.**

22 |

23 | Dated: March 28, 2012

EDWARD J. DAVILA
United States District Judge

24 |
25 |
26 |
27 |
28 |

United States District Court
For the Northern District of California

5

Case No. 10-CV-04435-EJD
ORDER GRANTING UTAC (TAIWAN)'S MOTION TO DISMISS