*E-FILED: February 14, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | No. C10-04435 EJD (HRL) |
| Plaintiff, | **ORDER ON DDJR #2** |
| v. | **[Dkt. 101]** |
| UTAC (TAIWAN) CORPORATION, | |
| Defendant. | |

In this breach of contract case Plaintiff Tessera, Inc. ("Tessera") sues Defendant UTAC (Taiwan) Corporation ("UTC") for alleged failure to pay royalties under a license agreement. The parties dispute the basis on which the royalty payments are due. A discovery dispute has arisen over whether and where Tessera may depose UTC employee Ken Hsieh, who lives and works in Taiwan. Tessera asks the Court to order UTC to bring Hsieh to California for a deposition. UTC argues that Tessera may not compel Hsieh's deposition through a notice pursuant to Federal Rule of Civil Procedure 30.

If the party to be deposed in a matter is a corporation, the party seeking discovery may either designate an appropriate individual, or describe the subject matter to be covered in the proposed deposition and allow the corporate deponent to designate its own spokesperson. *See* Fed. R. Civ. P. 30(b)(6). If, however, the party seeking discovery chooses to designate a particular witness, the person designated must be an officer, director, or managing agent of the corporation. *See id*; *Use Techno Corp. v. Kenko USA, Inc*., No. C-06-02754 EDL, 2007 WL 2403556, * 1 (N.D.Cal. Aug. 20, 2007). If the person is not an officer, director, or managing agent of corporation, the party seeking

discovery must proceed as though the person is an ordinary non-party witness, and obtain a subpoena to secure the attendance of the deponent. *Id.*

To determine whether an individual is a "managing agent" under Rule 30, courts look to see if the individual involved is invested by the corporation with general powers to exercise his discretion and judgment in dealing with corporate matters, whether the individual can be depended upon to carry out the employer's direction to give testimony at the demand of a party engaged in litigation with the employer, and whether the individual can be expected to identify with the interests of the corporation rather than with those of the other parties. Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2103 (3d ed.). Courts place particular emphasis on the third factor, identification with the interests of the employer. *Id.* The party seeking the deposition bears the burden of providing evidence that the proposed deponent is a managing agent, but courts resolve close questions of a deponent's status in favor of the examining party. *Use Techno Corp. v. Kenko USA, Inc.*, No. C-06-02754 EDL, 2007 WL 2403556, * 1 (N.D.Cal. Aug. 20, 2007).

The Court has reviewed the competing contentions of the parties and is convinced that Hsieh is an employee with relevant information. Hsieh authored or was included in a substantial number of the e-mails already produced in this case. He authored emails explaining how UTC determined whether royalty payments are due, so he has information directly relevant to the primary issue in this litigation. Hsieh also provided Tessera with many of UTC's royalty statements. Whether Hsieh is a managing agent for purposes of Rule 30 is a closer call. Because Hsieh is a current employee at UTC the second and third factors considered in this determination, whether he can be depended upon to carry out UTC's direction to give testimony, and whether he can be expected to identify with UTC's interests rather than with Tessera's, weigh in favor of a finding that he is a managing agent for purposes of Rule 30. UTC argues that the first factor, whether the individual is invested by the corporation with general powers to exercise his discretion and judgment in dealing with corporate matters, weighs against a finding that Hsieh is a managing agent. UTC claims that Hsieh has no decision-making authority, and that Tessera is already deposing Hsieh's supervisor, Wendy Pan, and UTC's President and Chief Executive Officer, Johnson Hsu, both of whom have more authority than Hsieh.

As close questions of a deponent's status are resolved in favor of the examining party, and for the sake of efficiently moving the case forward, the Court finds that Hsieh is a managing agent for purposes of Rule 30. Tessera may therefore compel Hsieh's testimony with respect to non-privileged information through a Rule 30 notice. The Court finds that special circumstances do not, however, warrant displacing the general rule that depositions of a defendant's corporate witnesses are taken at the defendant's principal place of business. Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2112 (3d ed.). UTC's principal place of business is Taiwan, where Hsieh lives and works. Accordingly, UTC is ordered to produce Hsieh for a deposition, and Hsieh's deposition shall occur in Taiwan.

**IT IS SO ORDERED.**

Dated: February 14, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-04435 EJD (HRL) Order will be electronically mailed to:**

Benjamin W. Hattenbach    bhattenbach@irell.com

Brian David Ledahl    bledahl@irell.com

David H. Herrington    dherrington@cgsh.com, dherrington@cgsh.com

Jennifer Renee Bunn    jbunn@irell.com

Joseph Mark Lipner    jlipner@irell.com, csilver@irell.com, jgejerman@irell.com

Kathleya Chotiros    kchotiros@cgsh.com

Laura Elizabeth Evans    levans@irell.com, ybromley@irell.com

Lawrence B. Friedman    lfriedman@cgsh.com

Michael F. Heafey    MHeafey@orrick.com, jromero@orrick.com, mawilliams@orrick.com

Morgan Chu    mchu@irell.com

Nathaniel E. Jedrey    njedrey@cgsh.com

Richard William Krebs    rkrebs@irell.com, cmedina@irell.com, rbrown@tessera.com, Slee@irell.com, sveeraraghavan@tessera.com, tegarcia@tessera.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**