*E-FILED: April 12, 2013*

1 IRELL & MANELLA LLP
Morgan Chu (70446) (mchu@irell.com)
2 Joseph M. Lipner (155735) (jlipner@irell.com)
Brian D. Ledahl (186579) (bledahl@irell.com)
3 Ian R. Washburn (274759) (iwashburn@irell.com)
1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276
4 Telephone: (310) 277-1010    Facsimile: (310) 203-7199

5 Attorneys for Plaintiff Tessera, Inc.

6 ORRICK, HERRINGTON & SUTCLIFFE LLP
Michael F. Heafey (153499) (mheafey@orrick.com)
7 1000 Marsh Road, Menlo Park, California 94025-1015
Telephone: (650) 614-7400    Facsimile: (650) 614-7401

8 CLEARY GOTTLIEB STEEN & HAMILTON LLP
Lawrence B. Friedman, Esq. (*pro hac vice*) (lfriedman@cgsh.com)
9 David H. Herrington, Esq. (*pro hac vice*) (dherrington@cgsh.com)
One Liberty Plaza, New York, New York 10006-1470
10 Telephone: (212) 225-2000    Facsimile: (212) 225-3999

11 Attorneys for Defendant UTAC (Taiwan) Corporation

12 UNITED STATES DISTRICT COURT

13 NORTHERN DISTRICT OF CALIFORNIA

14 SAN JOSE DIVISION

15 TESSERA, INC.,                                 Case No. CV 10-4435-EJD

16                         Plaintiff,              [CORRECTED] AMENDED STIPULATED
                                                   PROTECTIVE ORDER FOR LITIGATION
17          v.                                     INVOLVING PATENTS, HIGHLY
                                                   SENSITIVE CONFIDENTIAL
18 UTAC (TAIWAN) CORPORATION,                      INFORMATION AND/OR TRADE SECRETS

19                         Defendant.

20          1.       PURPOSES AND LIMITATIONS

21                   Disclosure and discovery activity in this action are likely to involve production of

22 confidential, proprietary, or private information for which special protection from public

23 disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

24 Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

25 Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

26 all disclosures or responses to discovery and that the protection it affords from public disclosure

27 and use extends only to the limited information or items that are entitled to confidential treatment

28 under the applicable legal principles.  The parties further acknowledge, as set forth in Section

                                                              [CORRECTED] AMENDED STIPULATED
                                                              PROTECTIVE ORDER
                                                              CASE NO. CV 10-4435-EJD

13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

[CORRECTED] AMENDED STIPULATED
PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information
or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another
Party or Non-Party would create a substantial risk of serious harm that could not be avoided by
less restrictive means.

2.9    "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"
Information or Items:  extremely sensitive "Confidential Information or Items" belonging to a
Non-Party, disclosure of which to another Party, House Counsel, or Non-Party would create a
substantial risk of serious harm that could not be avoided by less restrictive means.  Disclosure or
Discovery Material may be designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'
EYES ONLY" only if Counsel for the Non-Party in good faith believes that such Disclosure or
Discovery Material constitutes highly sensitive information belonging to that Non-Party.

2.10    House Counsel:  attorneys who are employees of a party to this action.
House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party:  any natural person, partnership, corporation, association, or
other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record:  attorneys who are not employees of a party to
this action but are retained to represent or advise a party to this action and have appeared in this
action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that
party.

2.13    Party:  any party to this action, including all of its officers, directors,
employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party:  a Party or Non-Party that produces Disclosure or
Discovery Material in this action.

2.15    Professional Vendors:  persons or entities that provide litigation support
services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and
organizing, storing, or retrieving data in any form or medium) and their employees and
subcontractors.

1          2.16   Protected Material:  any Disclosure or Discovery Material that is designated

2  as "CONFIDENTIAL," as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as

3  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

4          2.17   Receiving Party:  a Party that receives Disclosure or Discovery Material

5  from a Producing Party.

6      3.    SCOPE

7          The protections conferred by this Stipulation and Order cover not only Protected

8  Material (as defined above), but also (1) any information copied or extracted from Protected

9  Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

10  testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

11  Material.  However, the protections conferred by this Stipulation and Order do not cover the

12  following information: (a) any information that is in the public domain at the time of disclosure to

13  a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

14  a result of publication not involving a violation of this Order, including becoming part of the

15  public record through trial or otherwise; and (b) any information known to the Receiving Party

16  prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

17  obtained the information lawfully and under no obligation of confidentiality to the Designating

18  Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

19      4.    DURATION

20          Even after final disposition of this litigation, the confidentiality obligations

21  imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

22  or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal

23  of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein

24  after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

25  action, including the time limits for filing any motions or applications for extension of time

26  pursuant to applicable law.  For a period of six months after final disposition of this litigation, this

27  court will retain jurisdiction to enforce the terms of this order.

28

[CORRECTED] AMENDED STIPULATED
PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

[NEWYORK 2710753_2]

5.    DESIGNATING PROTECTED MATERIAL

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" to each page that contains protected material.  Where it is not practicable to affix a legend to each page, the Producing Party must affix the legend to the Protected Material by a similar means sufficient to clearly identify the designation applied to the Protected Material.  If only a portion

1 or portions of the material on a page qualifies for protection, the Producing Party also must

2 clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins)

3 and must specify, for each portion, the level of protection being asserted.

4          A Party or Non-Party that makes original documents or materials available for

5 inspection need not designate them for protection until after the inspecting Party has indicated

6 which material it would like copied and produced.  During the inspection and before the

7 designation, all of the material made available for inspection shall be deemed "HIGHLY

8 CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the

9 documents it wants copied and produced, the Producing Party must determine which documents,

10 or portions thereof, qualify for protection under this Order.  Then, before producing the specified

11 documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL,"

12 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

13 OUTSIDE ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  Where

14 it is not practicable to affix a legend to each page, the Producing Party must affix the legend to the

15 Protected Material by a similar means sufficient to clearly identify the designation applied to the

16 Protected Material.  If only a portion or portions of the material on a page qualifies for protection,

17 the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

18 markings in the margins) and must specify, for each portion, the level of protection being asserted.

19          (b)     for testimony given in deposition or in other pretrial or trial proceedings,

20 that the Designating Party identify on the record, before the close of the deposition, hearing, or

21 other proceeding, all protected testimony and specify the level of protection being asserted.

22 When it is impractical to identify separately each portion of testimony that is entitled to

23 protection and it appears that substantial portions of the testimony may qualify for protection,

24 the Designating Party may invoke on the record (before the deposition, hearing, or other

25 proceeding is concluded) a right to have up to 21 days to identify the specific portions of the

26 testimony as to which protection is sought and to specify the level of protection being asserted.

27 Only those portions of the testimony that are appropriately designated for protection within the

28 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a

[CORRECTED] AMENDED STIPULATED
PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

[NEWYORK 2710753_2]

1    Designating Party may specify, at the deposition or up to 21 days afterwards if that period is

2    properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY

3    CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

4    OUTSIDE ATTORNEYS' EYES ONLY."

5           Parties shall give the other parties notice if they reasonably expect a deposition,

6    hearing or other proceeding to include Protected Material so that the other parties can ensure that

7    only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

8    (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

9    shall not in any way affect its designation as "CONFIDENTIAL," as "HIGHLY

10   CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL –

11   OUTSIDE ATTORNEYS' EYES ONLY."

12          Transcripts containing Protected Material shall have an obvious legend on the title

13   page that the transcript contains Protected Material, and the title page shall be followed by a list of

14   all pages (including line numbers as appropriate) that have been designated as Protected Material

15   and the level of protection being asserted by the Designating Party.  The Designating Party shall

16   inform the court reporter of these requirements.  Any transcript that is prepared before the

17   expiration of a 21-day period for designation shall be treated during that period as if it had been

18   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

19   otherwise agreed.  After the expiration of that period, the transcript shall be treated only as

20   actually designated.

21          (c)    for information produced in some form other than documentary and for

22   any other tangible items, that the Producing Party affix in a prominent place on the exterior of

23   the container or containers in which the information or item is stored the legend

24   "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

25   "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."  If only a portion or

26   portions of the information or item warrant protection, the Producing Party, to the extent

27   practicable, shall identify the protected portion(s) and specify the level of protection being

28   asserted.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge after complying with the meet and confer requirements above, the parties shall file a Discovery Dispute

[CORRECTED] AMENDED STIPULATED
PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

[NEWYORK 2710753_2]

1  Joint Report ("DDJR"), pursuant to the undersigned's Standing Order re Civil Discovery Disputes.

2  The DDJR shall affirm that the above meet and confer requirements have been satisfied.  The

3  DDJR must be filed within 5 business days after the conclusion of the meet and confer sessions (or

4  5 business days after reaching impasse as to a particular issue).  In no event may a DDJR be filed

5  later than 7 days after the discovery cut-off date(s) as prescribed in Civil L.R. 37-3.  Failure by the

6  Designating Party to defend its confidentiality designation(s) through the DDJR shall

7  automatically waive the confidentiality designation for each challenged designation.

8         The burden of persuasion in any such challenge proceeding shall be on the

9  Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass

10  or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

11  to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

12  seek relief to retain confidentiality as described above, all parties shall continue to afford the

13  material in question the level of protection to which it is entitled under the Producing Party's

14  designation until the court rules on the challenge.

15        **7.**     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

16         7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

17  disclosed or produced by another Party or by a Non-Party in connection with this case only for

18  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

19  disclosed only to the categories of persons and under the conditions described in this Order.  When

20  the litigation has been terminated, a Receiving Party must comply with the provisions of Section

21  14 below (FINAL DISPOSITION).

22         Protected Material must be stored and maintained by a Receiving Party at a

23  location and in a secure manner that ensures that access is limited to the persons authorized under

24  this Order.

25         7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

26  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

27  disclose any information or item designated "CONFIDENTIAL" only to:

28

[CORRECTED] AMENDED STIPULATED
PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

[NEWYORK 2710753_2]

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

[CORRECTED] AMENDED STIPULATED
PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

(b)     Designated House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.5(a)(1), below, have been followed;

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.5(a)(2), below, have been followed;

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

(b)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.5(a)(2), below, have been followed;

(c)     the court and its personnel;

(d)     court reporters and their staff, professional jury or trial consultants, mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(f)     Where the Receiving Party's Outside Counsel of Record determines in good faith that a portion of a document marked "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" is relevant to the issues in the case and may be presented to the Court in brief or argument, Outside Counsel of Record may quote (either orally or in a draft brief) or describe that portion of the document to one House Counsel for the Receiving Party, but shall in no event provide the actual document to that House Counsel.  The House Counsel receiving information shall sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which will be provided to the Producing Party upon request.  The House Counsel receiving information will take no notes or other written records of the portion of the document described by Outside Counsel of Record and will not retain a copy of any draft brief that includes a quote subject to this subsection but will return any such draft brief to Outside Counsel of Record.  In describing or quoting a portion of the document, Outside Counsel of Record shall describe or quote only the most limited portion of the document that is necessary for purposes of discussing the document.

7.5     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts or of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a)(1)   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section 7.3(b) first must make a written request to the Designating Party that sets forth the full name of the Designated House Counsel and the city and state of his or her residence.

(a)(2)   Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

[CORRECTED] AMENDED STIPULATED
PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

[NEWYORK 2710753_2]

1   EYES ONLY" pursuant to Section 7.3(c) or "HIGHLY CONFIDENTIAL – OUTSIDE

2   ATTORNEYS' EYES ONLY" pursuant to Section 7.4(b) first must make a written request to the

3   Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her

4   primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's

5   current employer(s), (4) identifies each person or entity from whom the Expert has received

6   compensation or funding for work in his or her areas of expertise or to whom the expert has

7   provided professional services, including in connection with a litigation, at any time during the

8   preceding five years,[1] and (5) identifies (by name and number of the case, filing date, and location

9   of court) any litigation in connection with which the Expert has offered expert testimony,

10  including through a declaration, report, or testimony at a deposition or trial, during the preceding

11  five years.

12          (b)     A Party that makes a request and provides the information specified in the

13  preceding respective paragraphs may disclose the subject Protected Material to the identified

14  Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party

15  receives a written objection from the Designating Party.  Any such objection must set forth in

16  detail the grounds on which it is based.

17          (c)     A Party that receives a timely written objection must meet and confer with

18  the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

19  agreement within seven days of the written objection.  If no agreement is reached, the parties

20  must comply with Section 6.3 above, and the undersigned's Standing Order re: Civil Discovery

21  Disputes.

22          In any such proceeding, the Party opposing disclosure to Designated House

23  Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure

24  would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the

25  Protected Material to its Designated House Counsel or Expert.

26  ─────────────
27  **[1]** If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the
28  Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

8.     PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to semiconductor packaging, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this Section, "prosecution" generally includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. However, to avoid any doubt, "prosecution" as used in this Section does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

[CORRECTED] AMENDED STIPULATED
PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

[NEWYORK 2710753_2]

1            (c)     cooperate with respect to all reasonable procedures sought to be pursued

2    by the Designating Party whose Protected Material may be affected.

3            The Party served with the subpoena or court order shall not produce any

4    information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

5    ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

6    EYES ONLY" before the Designating Party gives notice to the Receiving Party whether the

7    Designating Party opposes production of such information and has had a reasonable opportunity to

8    object to the production.  If the Designating Party timely seeks a protective order, the Party served

9    with the subpoena or court order shall not produce any such information before a determination by

10   the court from which the subpoena or order issued, unless the Party has obtained the Designating

11   Party's permission.  The Designating Party shall be solely responsible for asserting any objection

12   to the requested production and shall bear the burden and expense of seeking any protection in that

13   court of its confidential material – and nothing in these provisions should be construed as

14   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

15   another court.

16        10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN

17   THIS LITIGATION

18           (a)    The terms of this Order are applicable to information produced by a Non-

19   Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

20   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

21   EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is

22   protected by the remedies and relief provided by this Order.  Nothing in these provisions should

23   be construed as prohibiting a Non-Party from seeking additional protections.

24           (b)    In the event that a Party is required, by a valid discovery request, to

25   produce a Non-Party's confidential information in its possession, and the Party is subject to an

26   agreement with the Non-Party not to produce the Non-Party's confidential information, then the

27   Party shall:

28

[CORRECTED] AMENDED STIPULATED
PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

[NEWYORK 2710753_2]

1         1.      promptly notify in writing the Requesting Party and the Non-Party

2 that some or all of the information requested is subject to a confidentiality agreement with a Non-

3 Party;

4         2.      promptly provide the Non-Party with a copy of the Stipulated

5 Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

6 description of the information requested; and

7         3.      make the information requested available for inspection by the Non-

8 Party.

9         (c)     If the Non-Party fails to object or seek a protective order from this court

10 within 14 days of receiving the notice and accompanying information, the Receiving Party may

11 produce the Non-Party's confidential information responsive to the discovery request.  If the

12 Non-Party timely seeks a protective order, the Receiving Party shall not produce any

13 information in its possession or control that is subject to the confidentiality agreement with the

14 Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-

15 Party shall bear the burden and expense of seeking protection in this court of its Protected

16 Material.  See Section 15.

17       11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

18      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

19 Protected Material to any person or in any circumstance not authorized under this Stipulated

20 Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party

21 of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

22 Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made

23 of all the terms of this Order, and (d) request such person or persons to execute the

24 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

25       12.   <u>DISCLOSURE OF PRIVILEGED INFORMATION</u>

26      The production of Disclosure or Discovery Material (including documents) in this

27 action which a Party or Non-Party later claims should not have been produced because of a

28 privilege or protection from discovery, including but not limited to the attorney-client privilege,

[CORRECTED] AMENDED STIPULATED
PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

[NEWYORK 2710753_2]

work product privilege, joint defense privilege, and/or settlement privilege, shall not be deemed to waive any privilege or protection from discovery.  A Party or Non-Party may request the return or destruction of such Disclosure or Discovery Material, which request shall identify the Disclosure or Discovery Material and the basis for requesting its return.  If a Receiving Party receives Disclosure or Discovery Material that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the receiving party shall promptly identify the Disclosure or Discovery Material to the Producing Party or Non-Party.  Upon identification of the Disclosure or Discovery Material by the Producing Party or Non-Party or by the Receiving Party, a Receiving Party: 1) shall not use, and shall immediately cease any prior use of, such Disclosure or Discovery Material; 2) shall take reasonable steps to retrieve the Disclosure or Discovery Material from others to which the Receiving Party disclosed the Disclosure or Discovery Material; 3) shall within five (5) business days of the Producing Party's or Non-Party's request return to the Producing Party or Non-Party or destroy the Disclosure or Discovery Material and destroy all copies thereof; and 4) shall confirm to the Producing Party or Non-Party the destruction under subsection 3) above of all copies of the Disclosure or Discovery Material not returned to the Producing Party or Non-Party.  No one shall use the fact of production of the Disclosure or Discovery Material to argue that any privilege or protection has been waived.  Within fourteen (14) days of the identification of the Disclosure or Discovery Material by the Producing Party or Non-Party or by the Receiving Party, and not thereafter, the Receiving Party may file a motion to compel the production of the Disclosure or Discovery Material on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the Disclosure or Discovery Material.  The Producing Party or Non-Party and the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel. Notwithstanding this provision, no party shall be required to return or destroy any Disclosure or Discovery Material that may exist on any disaster recovery backup system.

[CORRECTED] AMENDED STIPULATED
PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

[NEWYORK 2710753_2]

13.     MISCELLANEOUS

13.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

14.     FINAL DISPOSITION

Within 60 days after the later of: 1) dismissal of all claims and defenses in this action, with or without prejudice; or 2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, each Party and Non-Party must return all materials designated by any other Producing Party or Non-Party under this Order to the Producing Party or Non-Party, or destroy such material, including all copies thereof, and provide to the Producing Party or Non-Party a written certification of compliance with this provision.  Notwithstanding this provision, outside counsel for a party or non-party are

1  entitled to retain archival copies of all pleadings, filings, trial, deposition, and hearing transcripts,

2  legal memoranda, correspondence, expert reports, attorney work product, and consultant and

3  expert work product, and exhibits to any of these materials, even if such materials reflect materials

4  designated under this Order.  Notwithstanding this provision, no Party shall be required to return

5  or destroy any materials designated under this Order that may exist on any disaster recovery

6  backup system.  Any such archival and/or backup copies of materials designated under this Order

7  shall remain subject to the provisions of this Order.

8          15.     In the event of any discovery or disclosure dispute, the Parties and any affected

9  Non-Party shall comply with the undersigned's Standing Order re: Civil Discovery Disputes.

10

   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

11

12

13 DATED:_____4/11/13_____              _____/s/ Joseph Lipner_____
                                                Attorneys for Plaintiff

14

15 DATED: _____4/11/13_____             _____/s/ David H. Herrington_____
                                                Attorneys for Defendant

16

17         **Filer's Attestation:**  Pursuant to General Order No. 45, §X(B), I attest under penalty of

18 perjury that concurrence in the filing of the document has been obtained from its signatory.

19 Dated: April 11, 2013                     Respectfully submitted,

20                                              _____/s/ David H. Herrington_____
                                                David H. Herrington

21

22

23 PURSUANT TO STIPULATION, IT IS SO ORDERED.

24

   DATED:_____April 12, 2013_____

25                                          _____
                                            Howard R. Lloyd
                                            United States Magistrate Judge

26

27

28

                                                    _____
                                                    [CORRECTED] AMENDED STIPULATED
                                                    PROTECTIVE ORDER
CASE NO. CV 10-4435-EJD

[NEWYORK 2710753_2]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of *Tessera, Inc. v. UTAC (Taiwan)*

*Corporation*, No. CV 10-4435-EJD.  I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]