*E-FILED: June 6, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | No. C10-04435 EJD (HRL) |
|     Plaintiff, | **ORDER ON DISCOVERY DISPUTE JOINT REPORT #3** |
| v. | |
| UTAC (TAIWAN) CORPORATION, | **[Dkt. 114]** |
|     Defendant. | |

In Discovery Dispute Joint Report ("DDJR") #2 the court was asked whether the deposition of UTAC's Taiwan-based employee, Ken Hsieh, should take place in Taiwan or in the US and whether a FRCP 30(b) notice was sufficient to compel his attendance. The court ordered that a Rule 30(b) notice was enough, but that the deposition should take place in Taiwan.

Now, in DDJR#3, the parties continue to wrangle, this time over the ground rules for Hsieh's deposition. UTAC refuses to produce him for questioning until the court clarifies whether Hsieh is entitled to assert the attorney–client privilege during his testimony by virtue of his position in the finance office of UTAC as a "Legal Executive." Although Hsieh has a legal education and may offer legal advice as part of his job in UTAC's finance office, there is no dispute that Hsieh is not a "lawyer" or admitted to practice in Taiwan or anywhere else. The court is told that it is commonplace for individuals in Taiwan to obtain a legal education but to never take the bar examination or become admitted to practice as a lawyer.

UTAC urges this court to find that the attorney-client privilege should apply to communications between Hsieh and other UTAC employees even though no actual "lawyer" is

involved, and cites California Evidence Code § 950.[1] Section 950 describes a "lawyer" for attorney-client privilege purposes as one authorized, "...or reasonably believed by the client to be authorized," to practice law. This does not help UTAC because it acknowledged that it knew Hsieh was not authorized to practice law and not a lawyer. Significantly, Evidence Code § 952 limits the privilege to communications between a client and "his or her lawyer."

UTAC claims support for its position in *Renfield Corp. v. E. Remy Martin & Co.*, 98 F.R.D. 442 (D. DE, 1982), which held that in-house legal advisors in France were the functional equivalent of lawyers and the privilege could apply to their communications. However, the court was not applying California law. And, the specific facts that the court found compelling are quite hazy, and its reasoning difficult to follow or credit. In any event, *Renfield* is not binding authority, and not persuasive.

Finally, UTAC appeals to the court's sense of equity. It argues it is not "fair" that Tessera should have the benefit of the attorney-client privilege just because it communicated with actual lawyers while it is denied the privilege because it used legally trained non-lawyers. However, this argument seems to invite the court to ignore what the law requires in order to recognize the privilege, which the court cannot do. And, it is UTAC's burden to prove it exists here.

The court has found no binding authority on the question presented, but is persuaded the right result was reached by Judge Wilken in *Powertech Technology Inc., v. Tessera, Inc*., No. 11-06121 CW, Order Overruling Powertech Tech., Inc's. Obj. to the Special Master's Dec. 14, 2012 Order (ECF No. 215). The facts there are strikingly similar to here. There, the individuals in question were foreign legal advisors who supposedly played a role equivalent to attorneys. No go, said Judge Wilken. No privilege. They were not lawyers and no one claimed they were authorized to practice law.

In conclusion, Hsieh has a legal education and apparently offers legal advice as part of his job in UTAC's finance office. However, he is not a lawyer. He is not authorized to practice law in Taiwan or anywhere else. UTAC knows this. There is no showing that Taiwan recognizes an attorney-client privilege in communications between non-lawyer legal advisors and their employers.

---

[1] Both sides agree that in this diversity case California law controls questions about privilege.

2

There is no assertion that UTAC BELIEVED any privilege attached to communications between Hsieh and its other employees. By virtue of the undisputed facts here, no privilege attaches to Hsieh's communications with others in UTAC.

**IT IS SO ORDERED.**

Dated: June 6, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-04435 EJD (HRL) Order will be electronically mailed to:**

Benjamin J.A. Sauter     bsauter@cgsh.com

Benjamin W. Hattenbach     bhattenbach@irell.com

Brian David Ledahl     bledahl@irell.com

David H. Herrington     dherrington@cgsh.com, dherrington@cgsh.com

Jennifer Renee Bunn     jbunn@irell.com

Joseph Mark Lipner     jlipner@irell.com, csilver@irell.com, jgejerman@irell.com

Kathleya Chotiros     kchotiros@cgsh.com

Laura Elizabeth Evans     levans@irell.com, ybromley@irell.com

Lawrence B. Friedman     lfriedman@cgsh.com

Michael F. Heafey     MHeafey@orrick.com, jromero@orrick.com, mawilliams@orrick.com

Morgan Chu     mchu@irell.com

Morvarid Metanat     mmetanat@orrick.com, adalton@orrick.com, kmudurian@orrick.com

Nathaniel E. Jedrey     njedrey@cgsh.com

Richard William Krebs     rkrebs@irell.com, cmedina@irell.com, rbrown@tessera.com, Slee@irell.com, sveeraraghavan@tessera.com, tegarcia@tessera.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4