United States District Court
For the Northern District of California

*E-Filed: January 30, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TESSERA, INC.,

Plaintiff,

v.

UTAC (TAIWAN) CORPORATION,

Defendant.

_______________________________________/

No. C10-04435 EJD (HRL)

**ORDER RE: DISCOVERY DISPUTE JOINT REPORT #3**

**[Dkt. 191]**

Plaintiff Tessera, Inc. ("Tessera") sues Defendant UTAC (Taiwan) Corporation ("UTC") for alleged failure to pay royalties under a license agreement. The first phase of this action concerned a contract interpretation dispute between Tessera and UTC about the criteria for determining which UTC products are royalty-bearing. Following discovery on that subject, the parties submitted summary judgment motions relating to contract interpretation, which were ruled on by the court.

The court entered an Amended Case Management Order that required Tessera to provide its infringement contentions in accordance with Patent L.R. 3-1, 3-2, and 3-3 with respect to its claim for royalties under the license agreement. Tessera served UTC with the required disclosure, identifying 32 claims of 12 licensed patents and providing claim charts contending that two types of UTC packages—its w-BGA packages and DFN packages—are covered by the claims of licensed patents and are therefore royalty-bearing. Tessera's disclosure asserted that Tessera did not have enough information to determine whether a third type of package, UTC's LGA SiP package ("LGA

package"), is covered by the claims of the licensed patents and is therefore royalty-bearing. UTC disputes Tessera's contentions.

Presently before the Court is the parties' Discovery Dispute Joint Report #3. Dkt. No. 191. Tessera seeks production of technical and sales information relating to UTC's DFN and LGA packages. UTC argues that discovery of technical and sales information relating to its DFN and LGA packages is not permitted because (1) the DFN and LGA packages are not identified in the pleadings; and (2) Tessera's infringement contentions did not identify any patent that allegedly covered UTC's LGA packages.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Here, the discovery Tessera seeks is allowed under Rule 26. Tessera seeks technical and financial discovery about UTC's DFN and LGA packages in order to determine whether UTC breached the license agreement and any resulting damages. Such discovery is directly relevant to Tessera's breach of contract claim because it will help Tessera to determine which UTC packages are covered by which of the licensed patent claims, and any royalties owed on those packages.

UTC contends that Tessera's breach of contract claim is limited to the royalty-bearing w-BGA packages listed in paragraph 24 of the first amended complaint. However, the first amended complaint alleges that UTC's non-payment for any royalty-bearing package is a breach of the license agreement. Dkt. No. 81 ¶¶ 17, 23, 25. The first amended complaint states that its allegations regarding w-BGA packages is "without limitation." *Id.* ¶ 25. Whether certain package types are royalty-bearing is an evidentiary issue on which Tessera is entitled to discovery.

The conclusion that Tessera's breach of contract claim is not limited to the royalty-bearing w-BGA packages listed the first amended complaint is supported by the Amended Case Management Order previously issued by Judge Edward Davila. UTC argued that this action could not proceed until Tessera amended its first amended complaint to list the licensed patents applicable to UTC's packages. Tessera argued that amendment was not necessary, and further detail about its

United States District Court
For the Northern District of California

claims "is an evidentiary issue that is properly the subject of discovery." Dkt. No. 185, at 3. In the Amended Case Management Order, Judge Davila ruled that no amendment was necessary because the case is fundamentally "a breach of contact action." Dkt. No. 186, at 1. As Judge Davila explained, "[t]he contract governing this dispute, including its exhibit listing the licensed patents, is incorporated by reference into the complaint, which also includes a paragraph listing UTAC's accused products as of the date of filing." *Id.*

UTC now argues that while Tessera need not amend its complaint to include the *patents* that give rise to UTC's royalty obligation, Tessera must still amend its complaint to include the *packages* that give rise to those obligations. UTC's position is a restatement of its argument that Tessera must name particular patents in its complaint. Given Judge Davila's Amended Case Management Order, and the fact that UTC can get further disclosures from Tessera during discovery, UTC has no grounds to withhold discovery.

In addition, UTC argues that the Amended Case Management Order bars Tessera from pursuing new claims. Dkt. No. 186. The Amended Case Management Order ordered that Tessera disclose its infringement contentions in support of its royalty claims on July 8, 2014, and it stated that this deadline "will not be extended for any reason, including any pending discovery dispute." Dkt. No. 186, at 2 n.1. In addition, the court ordered that Tessera's "infringement contentions shall be limited to a total of 32 claims that it contends would be infringed but-for the license." *Id.* at 3. UTC argues that Tessera's infringement contentions did not identify any patent that covered LGA packages, and it is now too late to do so. Moreover, UTC contends that Tessera's infringement contentions used up its maximum allowable quota of 32 claims in its claims against w-BGA packages and DFN packages, and therefore Tessera cannot pursue a claim against LGA packages. UTC's arguments about discovery permissible in patent infringement cases, however, do not apply here. As explained above, this case is at its core a breach of contract action. *See* Am. Case Mgmt. Order, Dkt. No. 186, at 1.

///

///

Accordingly, Tessera's request for production of technical and sales information relating to UTC's DFN and LGA packages is granted.

**IT IS SO ORDERED.**

Dated: January 29, 2015



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

**C10-04435 EJD (HRL) Order will be electronically mailed to:**

Benjamin W. Hattenbach bhattenbach@irell.com

David H. Herrington dherrington@cgsh.com, dherrington@cgsh.com

Dominik B. Slusarczyk dslusarczyk@irell.com, mspillner@tessera.com

Jennifer Renee Bunn jbunn@irell.com

Joseph Mark Lipner jlipner@irell.com, csilver@irell.com, mdonovan@irell.com, slee@irell.com

Kevin Patrick Kiley kkiley@irell.com

Lawrence B. Friedman lfriedman@cgsh.com

Michael F. Heafey mheafey@kslaw.com, phennings@kslaw.com

Morgan Chu mchu@irell.com

Morvarid Metanat mmetanat@orrick.com

Nathaniel E. Jedrey njedrey@cgsh.com

Richard William Krebs rkrebs@irell.com, cmedina@irell.com, rbrown@tessera.com, Slee@irell.com, sveeraraghavan@tessera.com, tegarcia@tessera.com

Ryan Alexander Ward rward@irell.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**