*E-Filed: January 30, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | No. C10-04435 EJD (HRL) |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTE JOINT REPORT #4** |
| v. | |
| UTAC (TAIWAN) CORPORATION, | **[Dkt. 192]** |
| Defendant. | |

Plaintiff Tessera, Inc. ("Tessera") sues Defendant UTAC (Taiwan) Corporation ("UTC") for alleged failure to pay royalties under a license agreement. The first phase of this action concerned a contract interpretation dispute between Tessera and UTC about the criteria for determining which UTC products are royalty-bearing. Following discovery on that subject, the parties submitted summary judgment motions relating to contract interpretation, which were ruled on by the court.

The court entered an Amended Case Management Order that required Tessera to provide its infringement contentions in accordance with Patent L.R. 3-1, 3-2, and 3-3 with respect to its claim for royalties under the license agreement. Tessera served UTC with the required disclosure, identifying 32 claims of 12 licensed patents and providing claim charts contending that two types of UTC packages—its w-BGA packages and DFN packages—are covered by the claims of licensed patents and are therefore royalty-bearing. Tessera's disclosure asserted that Tessera did not have enough information to determine whether a third type of package, UTC's LGA SiP package ("LGA

1  package"), is covered by the claims of the licensed patents and is therefore royalty-bearing.  UTC
2  disputes Tessera's contentions.

3        Presently before the Court is the parties' Discovery Dispute Joint Report #4.  Dkt. No. 192.
4  Tessera seeks production of technical and sales information relating to semiconductor packages for
5  which UTC may only provide testing services.

6        "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
7  party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This language was adopted in the 2000
8  Amendments to "signal[] to the parties that they have no entitlement to discovery to develop new
9  claims or defenses that are not already identified in the pleadings."  Fed. R. Civ. P. 26 advisory
10 committee's note.   "Relevant information need not be admissible at the trial if the discovery
11 appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P.
12 26(b)(1).

13       Here, the first amended complaint does not claim royalties on UTC's testing-only services.
14 Dkt. No. 81.  Rather, the first amended complaint asserts a claim only against packages that are
15 "made by" UTC.  FAC ¶¶ 11, 15, 22-23, 36.  Because the complaint does not assert a claim against
16 UTC's testing only services, Tessera has "no entitlement to discovery to develop new claims"
17 against these services.  Fed. R. Civ. P. 26 advisory committee's note.

18       Tessera argues that it is entitled to discovery relating to packages for which UTC may only
19 provide testing services because UTC may have mischaracterized packages that were made by UTC
20 as packages that were only tested by UTC.  According to Tessera, certain packages that UTC
21 assembled or tested in part may be incorrectly designated as packages that were only tested, or
22 royalties could still be due on packages that UTC is characterizing as "testing only."  This argument
23 fails.  There is no basis for Tessera's demand for discovery concerning testing-only services on the
24 theory that they might actually involve something else.

25       A substantial portion of the Joint Report addresses whether the license agreement requires
26 royalty payments for TCC packages that UTC tests for other companies.  Tessera contends that
27 UTC must pay royalties on packages that UTC tests internally.  UTC argues that Tessera cannot
28 claim royalties under the license agreement for packages that are not made by UTC, but that UTC

only tests for other companies. In resolving this discovery dispute, this Court declines to determine whether the license agreement requires royalty payments for TCC packages that UTC tests for other companies, as such a determination would be inappropriate in the context of a discovery dispute.

Accordingly, Tessera's request for production of technical and sales information relating to semiconductor packages for which UTC may only provide testing services is denied.

**IT IS SO ORDERED.**

Dated: January 30, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-04435 EJD (HRL) Order will be electronically mailed to:**

Benjamin W. Hattenbach     bhattenbach@irell.com

David H. Herrington     dherrington@cgsh.com, dherrington@cgsh.com

Dominik B. Slusarczyk     dslusarczyk@irell.com, mspillner@tessera.com

Jennifer Renee Bunn     jbunn@irell.com

Joseph Mark Lipner     jlipner@irell.com, csilver@irell.com, mdonovan@irell.com, slee@irell.com

Kevin Patrick Kiley     kkiley@irell.com

Lawrence B. Friedman     lfriedman@cgsh.com

Michael F. Heafey     mheafey@kslaw.com, phennings@kslaw.com

Morgan Chu     mchu@irell.com

Morvarid Metanat     mmetanat@orrick.com

Nathaniel E. Jedrey     njedrey@cgsh.com

Richard William Krebs     rkrebs@irell.com, cmedina@irell.com, rbrown@tessera.com, Slee@irell.com, sveeraraghavan@tessera.com, tegarcia@tessera.com

Ryan Alexander Ward     rward@irell.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**