*E-Filed: February 4, 2015*

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8          NOT FOR CITATION

9      IN THE UNITED STATES DISTRICT COURT

10      FOR THE NORTHERN DISTRICT OF CALIFORNIA

11               SAN JOSE DIVISION

12   TESSERA, INC.,                           No. C10-04435 EJD (HRL)

13          Plaintiff,              **ORDER RE: DISCOVERY DISPUTE**
        v.                          **JOINT REPORT #5-#6**
14
     UTAC (TAIWAN) CORPORATION,               **[Dkt. Nos. 193, 194]**
15
            Defendant.
16   _____/

17          Plaintiff Tessera, Inc. ("Tessera") sues Defendant UTAC (Taiwan) Corporation ("UTC") for

18   alleged failure to pay royalties under a license agreement.  The first phase of this action concerned a

19   contract interpretation dispute between Tessera and UTC about the criteria for determining which

20   UTC products are royalty-bearing.  Following discovery on that subject, the parties submitted

21   summary judgment motions relating to contract interpretation, which were ruled on by the court.

22          The court entered an Amended Case Management Order that required Tessera to provide its

23   infringement contentions in accordance with Patent L.R. 3-1, 3-2, and 3-3 with respect to its claim

24   for royalties under the license agreement.  Tessera served UTC with the required disclosure,

25   identifying 32 claims of 12 licensed patents and providing claim charts contending that two types of

26   UTC packages—its w-BGA packages and DFN packages—are covered by the claims of licensed

27   patents and are therefore royalty-bearing.  Tessera's disclosure asserted that Tessera did not have

28   enough information to determine whether a third type of package, UTC's LGA SiP package, is

1    covered by the claims of the licensed patents and is therefore royalty-bearing.  UTC disputes

2    Tessera's contentions, and also served Tessera with invalidity contentions.

3        Presently before the Court is the parties' Discovery Dispute Joint Report ("DDJR") #5 and

4    #6.  Dkt. Nos. 193, 194.  Each will be addressed in turn.

5        **A.    DISCOVERY DISPUTE JOINT REPORT #5**

6        DDJR #5 concerns whether Tessera must produce certain documents relating to claims by

7    Tessera in earlier suits against other parties in which Tessera has asserted that certain packages

8    infringe Tessera's U.S. Khandros patents.  The documents that UTC seeks include:  documents

9    containing Tessera's infringement contentions, including briefs and claim charts concerning claim

10   construction and Tessera's infringement contentions; expert reports and other supporting materials,

11   such as documents relating to testing, modeling and analysis of accused packages; and decisions

12   and/or findings by courts and court-appointed experts concerning Tessera's infringement

13   contentions and claim construction of the Khandros Patents.  The specific parties and products for

14   which UTC seeks these materials are the following: Samsung's w-BGA packages in *Samsung*

15   *Electronics Co., Ltd. v. Tessera Technologies, Inc.*, C02-05837 (N.D. Cal.); Micron and Infineon's

16   w-BGA packages in *Tessera, Inc. v. Micron Technology Inc.*, 05-CV-0094 (E.D. Tex.); Amkor's w-

17   BGA packages and other BGA packages in *Amkor Technology, Inc. v. Tessera, Inc.*, 16 531/VRO;

18   and Nanya's w-BGA packages *Semiconductor Chips with Minimized Chip Package Size and*

19   *Products Containing Same (III)*, ITC No. 630 (337-TA-630).  UTC also requests production of the

20   findings of the court-appointed expert in *Tessera Inc. v. Advanced Micro Devices Inc.*, C05-04063

21   (N.D. Cal.).

22       "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

23   party's claim or defense . . . .  Relevant information need not be admissible at the trial if the

24   discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R.

25   Civ. P. 26(b)(1).

26       UTC argues that the documents it seeks directly relate to Tessera's patent assertions in two

27   ways.  First, UTC contends that the five foreign patents Tessera is asserting against UTC's w-BGA

28   packages are part of the same family of patents—the "Khandros Patents"—that Tessera has asserted

*United States District Court*
For the Northern District of California

2

United States District Court
For the Northern District of California

1  in all of its prior suits against w-BGA packages.  According to UTC, Tessera's assertions in the

2  earlier suits concerning what the U.S. Khandros Patents cover and whether they are infringed by w-

3  BGA packages directly relate to the issues in this case of what the foreign Khandros Patents cover

4  and whether they are infringed by UTC's w-BGA packages.

5      None of the patents asserted in the prior cases are asserted here.  In addition, UTC does not

6  cite to, and the court is not aware of any, case law holding that a party's statements about patents in

7  a prior litigation can impact the construction of different patents that are asserted in a subsequent,

8  unrelated case.  Accordingly, UTC's argument regarding the relevancy of Tessera's assertions in the

9  earlier suits concerning what the U.S. Khandros Patents cover and whether they are infringed by w-

10  BGA packages is unconvincing.

11      Second, UTC argues that Tessera's assertions in earlier suits that the Khandros Patents

12  disclose and claim w-BGA packages are relevant to the validity of the U.S. patents it is asserting

13  here.  UTC has identified the same Khandros Patents that Tessera asserted in the earlier suits as

14  prior art that invalidates the six U.S. patents that Tessera is asserting against the w-BGA packages

15  here.  The U.S. patents refer to Khandros Patents as relevant prior art and purport to claim an

16  invention addressing the same types of semiconductor packages.  Moreover, in the earlier suits,

17  Tessera asserted that the Khandros Patents disclose and claim w-BGA packages.  Here, Tessera

18  contends that six of the U.S. patents it is asserting also disclose and claim w-BGA packages.  UTC

19  argues that because the Khandros Patents predate the U.S. patents, the fact that they disclose and

20  claim the same package structures renders the U.S. patents invalid.

21      UTC requests that Tessera produce documents from prior litigation involving patents that are

22  not asserted in the present case.  UTC is seeking statements made by Tessera about prior art and

23  patents not at issue here.  Such statements are not relevant to validity.  The scope of the prior art

24  references asserted in this case is determined by the references themselves, not by statements made

25  in prior litigation regarding infringement of these references.  *See, e.g.*, *Net MoneyIN, Inc. v.*

26  *VeriSign, Inc.*, 545 F.3d 1359, 1369 (Fed. Cir. 2008).  Accordingly, UTC's argument that Tessera's

27  assertions in earlier suits are relevant to the validity of the U.S. patents it is asserting here, fails.

28

**United States District Court**
For the Northern District of California

1    Lastly, UTC argues that the requested documents should be produced because they meet the

2 "technological nexus" standard articulated in *Apple Inc. v. Samsung Electronics Co*., C12-00630

3 LHK (PSG), 2013 WL 3246094, at *20 (N.D. Cal. June 26, 2013).  In *Apple Inc. v. Samsung*

4 *Electronics Co*., the court considered a request for prior litigation documents.  The court ruled that

5 "the appropriate standard for determining the relevance of documents from those other cases turned

6 on the similarity between the patents in the disputes. To satisfy the standard, the other case must

7 involve the patents-in-suit or patents covering the same or similar technologies, features, or designs

8 as the patents-in-suits. . . .  [T]he starting point of the "technological nexus" inquiry is the patents at

9 issue, not the products at issue."  *Apple Inc. v. Samsung Electronics Co.*, 2013 WL 3246094, at *20

10 (internal quotation marks omitted).  "[T]he technological nexus standard is not a substitute for the

11 relevance inquiry under Fed. R. Civ. P. 26(b) but rather is shorthand for the balancing inquiry in

12 which the court ordinarily must engage."  *Id.*

13    Here, UTC has failed to show that the prior litigation involves the patents-in-suit or patents

14 covering the same or similar technologies, features, or designs as the patents-in-suits.  UTC

15 contends that the five foreign patents Tessera is asserting against UTC's w-BGA packages are part

16 of the same family of patents that Tessera has asserted in all of its prior suits against w-BGA

17 packages.  According to UTC, all of the Khandros Patents, both U.S. and foreign, trace back to the

18 07/586,758 application that Tessera filed on September 24, 1990.  UTC conclusorily argues that the

19 Khandros Patents relate to the same basic invention and share the same core claim terms.  UTC

20 fails, however, to discuss any specifics about the inventions at issue or the core claim terms in the

21 relevant Khandros Patents.  Accordingly, UTC has failed to meet the "technological nexus"

22 standard.

23    Accordingly, UTC's request for production of certain documents relating to claims by

24 Tessera in earlier suits against other parties in which Tessera has asserted that certain packages

25 infringe Tessera's U.S. Khandros patents is denied.

26    **B.    DISCOVERY DISPUTE JOINT REPORT #6**

27    DDJR #6 concerns whether Tessera must produce certain documents from earlier

28 proceedings against other parties in which Tessera asserted that certain packages infringed Tessera's

4

United States District Court
For the Northern District of California

1  U.S. Khandros Patents.  The documents UTC seeks relate to certain prior art, referred to as the

2  OMPAC prior art, that parties in earlier proceedings asserted as prior art that invalidated the U.S.

3  Khandros Patents.  Specifically, UTC seeks unredacted portions of Tessera's prehearing and post-

4  hearing briefs concerning the OMPAC prior art in *Semiconductor Chips with Minimized Chip*

5  *Package Size and Products Containing Same (II)*, ITC No. 605 (337-TA-605), and *Semiconductor*

6  *Chips with Minimized Chip Package Size and Products Containing Same (III)*, ITC No. 630 (337-

7  TA-630).

8         In these two ITC proceedings, the respondents contended that the OMPAC prior art

9  invalidated the Khandros Patents that Tessera was asserting.  In seeking to distinguish the OMPAC

10  prior art from the Khandros Patents in the ITC proceedings, Tessera made statements seeking to

11  limit the scope and meaning of the claim term "movable" in the Khandros Patents.  The same

12  "movable" term appears in the foreign Khandros Patents that Tessera is asserting here.  UTC argues

13  that Tessera's statements about what the term "movable" means are therefore relevant to the

14  meaning of this same term in the foreign Khandros Patents.  UTC also argues that the documents

15  meet the "technological nexus" standard articulated in *Apple Inc. v. Samsung Electronics Co.*, for

16  the same reasons laid out in DDJR #5.

17         The court denies UTC's request for production for the same reasons discussed above in

18  regards to DDJR #5.  Specifically, in regards to the meaning of the term "movable," UTC does not

19  cite to, and the court is not aware of any, case law holding that a party's statements about patents in

20  a prior litigation can impact the construction of different patents that are asserted in a subsequent,

21  unrelated case.  In regards to UTC's argument that the documents meet the "technological nexus"

22  standard, UTC has failed to show that the prior litigation involves the patents-in-suit or patents

23  covering the same or similar technologies, features, or designs as the patents-in-suits.

24         **IT IS SO ORDERED.**

25  Dated: February 4, 2015

26                                                                    _____
                                                           HOWARD R. LLOYD
27                                                           UNITED STATES MAGISTRATE JUDGE

28

                                                    5

**C10-04435 EJD (HRL) Order will be electronically mailed to:**

Benjamin W. Hattenbach     bhattenbach@irell.com

David H. Herrington     dherrington@cgsh.com, dherrington@cgsh.com

Dominik B. Slusarczyk     dslusarczyk@irell.com, mspillner@tessera.com

Jennifer Renee Bunn     jbunn@irell.com

Joseph Mark Lipner     jlipner@irell.com, csilver@irell.com, mdonovan@irell.com, slee@irell.com

Kevin Patrick Kiley     kkiley@irell.com

Lawrence B. Friedman     lfriedman@cgsh.com

Michael F. Heafey     mheafey@kslaw.com, phennings@kslaw.com

Morgan Chu     mchu@irell.com

Morvarid Metanat     mmetanat@orrick.com

Nathaniel E. Jedrey     njedrey@cgsh.com

Richard William Krebs     rkrebs@irell.com, cmedina@irell.com, rbrown@tessera.com, Slee@irell.com, sveeraraghavan@tessera.com, tegarcia@tessera.com

Ryan Alexander Ward     rward@irell.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**