*E-Filed: April 22, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | No. C10-04435 EJD (HRL) |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTE JOINT REPORT #7** |
| v. | |
| UTAC (TAIWAN) CORPORATION, | **[Dkt. No. 274]** |
| Defendant. | |

    Plaintiff Tessera, Inc. ("Tessera") sues Defendant UTAC (Taiwan) Corporation ("UTC") for alleged failure to pay royalties under a license agreement. The first phase of this action concerned a contract interpretation dispute between Tessera and UTC about the criteria for determining which UTC products are royalty-bearing. Following discovery on that subject, the parties submitted summary judgment motions relating to contract interpretation, which were ruled on by the court.

    In the second phase of this action, Tessera served UTC with infringement disclosures identifying the products that Tessera contends are royalty-bearing under the agreement. Tessera's July 8, 2014 disclosures identified 32 claims of 12 licensed patents and provided claim charts contending that two types of UTC packages—its w-BGA packages and DFN packages—are covered by the claims of licensed patents and are therefore royalty-bearing. Tessera's disclosure asserted that Tessera did not have enough information to determine whether a third type of package,

UTC's LGA SiP package, is covered by the claims of the licensed patents and is therefore royalty-bearing. UTC disputes Tessera's contentions, and also served Tessera with invalidity contentions.

UTC has filed a motion for partial summary judgment, which is currently pending. Dkt. Nos. 208, 247. Tessera opposed the motion, and the court has not yet issued a ruling. The parties have also briefed and argued claim construction issues, and the court has not yet issued a claim construction order.

Presently before the Court is the parties' Discovery Dispute Joint Report ("DDJR") #7. Dkt. No. 274. The parties' dispute relates to the following Tessera discovery requests: RFP Nos. 62, 66-75, 77-79, and 82-83, as well as Fed. R. Civ. P. 30(b)(6) Topic Nos. 1-8, 11, 13, 16, 18-21. Tessera seeks discovery responsive to these requests. Tessera argues that the discovery it seeks is directly relevant to a contract interpretation defense that UTC has raised—that the agreement had a geographical limitation on UTC's obligation to pay royalties. Specifically, Tessera argues that the requested discovery is relevant to interpreting the geographic scope of the agreement, it is relevant to UTC's defense that paying for a world-wide license would not be convenient for its customers, and it is relevant to determining UTC's royalty obligations under its own interpretation of the contract. In the alternative, Tessera argues that UTC should be precluded from arguing that its royalty obligations are limited based on geographical considerations. UTC argues that Tessera's requests for discovery are irrelevant, overbroad, and unduly burdensome.

Each of the disputed discovery requests will be addressed in turn. First, several of Tessera's requests are cumulative of discovery requests addressed in the first phase of litigation, which addressed contract interpretation. RFP 66 and Deposition Topics 18 and 19 concern the interpretation of the agreement and discussions between UTC and Tessera about it. UTC has already made full production of all documents relating to the agreement's negotiation and execution in the first phase. In addition, UTC produced the three witnesses who participated in the negotiation of the agreement on UTC's behalf years ago and are no longer employees of UTC. Tessera had a full opportunity to depose them about all negotiations concerning the agreement.

In addition, several of the requests are burdensome and seek information that is irrelevant. RFP 79 seeks documents reflecting UTC's "corporate structure." UTC has already provided this

information to Tessera: UTC is owned by UTAC Singapore and has no subsidiaries. RFP 67 and Deposition Topic 1 seek discovery concerning whether, when UTC paid royalties previously, it paid for all of its packages without regard to where the packages were made, shipped, or sold. UTC already stipulated to this fact in its answer to Tessera's Interrogatory No. 15.

Second, several of the requests are overbroad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (a court must limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues"). RFPs 68 and 72 seek any communications between UTC and its customers that might refer to UTC's license with Tessera and documents reflecting any condition on which UTC does business. Any such communications would have no relevance or probative value. None of this involves a manifestation of intent or understanding that UTC made to Tessera, or vice versa. Rather, it involves one party's subjective understandings or statements. *See Century Sur. Co. v. Acer Hotel*, No. C 13-00593 WHA, 2013 WL 3575546, at *4 (N.D. Cal. July 12, 2013) ("Evidence of the undisclosed subjective intent of the parties is irrelevant to determining the meaning of contractual language. It is the outward expression of the agreement, rather than a party's unexpressed intention, which the court will enforce." (internal quotation marks omitted)).

RFPs 69 and 70 and Deposition Topics 8 and 16 are unduly burdensome and seek irrelevant information. RFP 69 seeks "Documents Relating to UTAC Taiwan's knowledge of its customers' plans to import or sell w-BGA Packages and UTAC Taiwan Packages to other countries," RFP 70 seeks "Documents that reflect where UTAC Taiwan's customers imported or sold w-BGA Packages and UTAC Taiwan Packages," Deposition Topic 8 seeks "UTAC Taiwan's knowledge of its customers' plans to import or sell wBGA Packages and UTAC Taiwan Packages to other countries," and Deposition Topic 16 seeks "The identity of products into which the Packages at Issue have been incorporated, the companies that sold those products, and the identity of any downstream customers of those products." As explained above, UTC's unilateral actions and state of mind are irrelevant to contract interpretation. The unilateral actions and state of mind of third parties (UTC's customers) are also irrelevant to contract interpretation.

3

Third, several of Tessera's discovery requests are not relevant to the geographic scope dispute. RFPs 71, 73, 75, and 78, and Deposition Topics 4, 5, 11, and 21 seek discovery of what UTC is capable of doing rather than what it actually does or has done. RFP 71 seeks documents relating to UTC's "ability or willingness" to ship packages outside of Taiwan. RFP 73 seeks documents relating to any "offers for sale by of w-BGA Packages or UTAC Taiwan Packages." RFP 75 seeks documents that show where UTC "offered to sell" its w-BGA packages and other UTC packages.[1] RFP 78 seeks documents relating to any "plans or forecasts of UTAC Taiwan's business." Deposition Topic 4 seeks communications relating to UTC's "manufacturing, sales, shipment, delivery, or testing capacities." Deposition Topic 5 concerns market forces and "demand." Deposition Topic 11 seeks information relating to UTC's "offers for sale" of w-BGA packages or UTC packages. Deposition Topic 21 seeks "[p]lans or forecasts" for UTC's business. Tessera's complaint does not claim that UTC owes royalties on unconsummated offers for sale, or for packages it might have been willing to make but never actually made. Rather, it claims royalties for products made by UTC. Tessera's demand for discovery as to what UTC did not make is unjustified.

RFPs 74 and 82 and Deposition Topics 2, 3, and 13 seek discovery concerning statements about or relating to the license. As discussed above, all discovery relevant to interpreting the license agreement was completed in the first phase. For example, all communications between Tessera and UTC were produced. Tessera now seeks production of statements by others, such as UTC's corporate parent UTAC Singapore, which is not a party to the agreement but instead has its own separate license with Tessera. Other requests seek statements not made to Tessera, but instead to UTC's customers. Such statements cannot constitute competent extrinsic evidence for interpretation of the parties' agreement.

RFPs 62, 77 and 83 and Deposition Topics 6, 7, and 20 are all either irrelevant or unduly burdensome. Tessera has not explained or established how these are purportedly connected to the "geographic scope" issue (or to any other claim or defense). RFP 62 seeks documents concerning

---

[1] RFP 75 also seeks documents that show where UTC actually assembled, sold, used, or imported its w-BGA packages and UTC packages. UTC objects only to the extent that this request extends to offers to sell.

4

UTC's contracts, regardless of whether they have any information relating to where UTC has made, sold, or shipped packages. To seek to collect all such documents would be burdensome, and Tessera has not identified a basis for doing so. RFP 77 and Deposition Topic 20 ask whether UTC has ever used Tessera's trademarks. However, Tessera's complaint does not mention trademarks. In any event, whether a trademark is used says nothing about where a product was made or sold. RFP 83 improperly seeks documents "of UTAC Singapore," UTC's corporate parent and a separate entity over whose documents UTC has no legal control. Such discovery is beyond what UTC is obliged to provide.

Accordingly, Tessera's request for discovery responsive to RFPs 62, 66-75,[2] 77-79, and 82-83, and Deposition Topics 1-8, 11, 13, 16, 18-21 is denied. In addition, Tessera's request that UTC be precluded from arguing that its royalty obligations are limited based on geographical considerations is also denied.

**IT IS SO ORDERED.**

Dated: April 22, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] In regards to RFP 75, Tessera's request for discovery is denied only to the extent that this request extends to offers to sell.

**C10-04435 EJD (HRL) Order will be electronically mailed to:**

Benjamin W. Hattenbach    bhattenbach@irell.com

David H. Herrington    dherrington@cgsh.com, dherrington@cgsh.com

Dominik B. Slusarczyk    dslusarczyk@irell.com, mspillner@tessera.com

Jennifer Renee Bunn    jbunn@irell.com

Joseph Mark Lipner    jlipner@irell.com, csilver@irell.com, mdonovan@irell.com, slee@irell.com

Kevin Patrick Kiley    kkiley@irell.com

Lawrence B. Friedman    lfriedman@cgsh.com

Michael F. Heafey    mheafey@kslaw.com, phennings@kslaw.com

Morgan Chu    mchu@irell.com

Morvarid Metanat    mmetanat@orrick.com

Nathaniel E. Jedrey    njedrey@cgsh.com

Richard William Krebs    rkrebs@irell.com, cmedina@irell.com, rbrown@tessera.com, Slee@irell.com, sveeraraghavan@tessera.com, tegarcia@tessera.com

Ryan Alexander Ward    rward@irell.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**