*E-Filed: April 24, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | No. C10-04435 EJD (HRL) |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTE JOINT REPORT #8** |
| v. | |
| UTAC (TAIWAN) CORPORATION, | **[Dkt. No. 275]** |
| Defendant. | |

Plaintiff Tessera, Inc. ("Tessera") sues Defendant UTAC (Taiwan) Corporation ("UTC") for alleged failure to pay royalties under a license agreement. The first phase of this action concerned a contract interpretation dispute between Tessera and UTC about the criteria for determining which UTC products are royalty-bearing. Following discovery on that subject, the parties submitted summary judgment motions relating to contract interpretation, which were ruled on by the court.

In the second phase of this action, Tessera served UTC with infringement disclosures identifying the products that Tessera contends are royalty-bearing under the agreement. Tessera's July 8, 2014 disclosures identified 32 claims of 12 licensed patents and provided claim charts contending that two types of UTC packages—its w-BGA packages and DFN packages—are covered by the claims of licensed patents and are therefore royalty-bearing. Tessera's disclosure asserted that Tessera did not have enough information to determine whether a third type of package,

UTC's LGA SiP package, is covered by the claims of the licensed patents and is therefore royalty-bearing. UTC disputes Tessera's contentions, and also served Tessera with invalidity contentions.

UTC has filed a motion for partial summary judgment, which is currently pending. Dkt. Nos. 208, 247. Tessera opposed the motion, and the court has not yet issued a ruling. The parties have also briefed and argued claim construction issues, and the court has not yet issued a claim construction order.

Presently before the Court is the parties' Discovery Dispute Joint Report ("DDJR") #8. Dkt. No. 275. The parties' dispute relates to the following Tessera discovery requests: RFP Nos. 24-32 and 35-36, Interrogatory No. 19, and Tessera's First Request for Inspection. Tessera argues that UTC should be compelled to provide discovery responsive to these requests because UTC has failed to make a meaningful disclosure about the technological details of UTC's products and manufacturing processes. In the alternative, Tessera argues that UTC should be precluded from arguing that its products are not covered by the licensed patent claims. UTC argues that Tessera's requests for discovery are either moot because UTC has produced or agreed to produce the requested information, or burdensome and irrelevant.

First, the Court will address RFPs 24-32 and 35-36. Tessera argues that it is entitled to production of technical documents describing UTC's royalty-bearing products, including: data sheets and other documents describing the properties of the materials used in UTC's royalty-bearing packages, factory-level instructions regarding assembly of the royalty-bearing packages, and bill of materials for the royalty-bearing packages.

RFP 24 seeks "Documents sufficient to identify all UTC Packages." RFP 25 seeks "Documents sufficient to identify all w-BGA Packages from before September 24, 2010." RFP 26 seeks "Documents sufficient to identify all w-BGA Packages from after September 24, 2010." RFP 27 seeks "Documents sufficient to describe the structure of each UTC Package and w-BGA Package."

UTC has already provided technical documents relating to w-BGA packages. These include package drawings, wiring diagrams, bills of materials, and specifications for the various assembly

steps and processes involved in making these packages. UTC has provided responsive documents to satisfy RFPs 24-27, and Tessera has not articulated a basis for contending otherwise.

In addition, a request for all revisions or versions of the technical information from 2010 onwards is irrelevant, burdensome and overbroad. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (a court must limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues"). UTC has already produced the operative versions of its engineering drawings and other technical documents. Tessera's request that UTC produce all revisions or versions of these documents that may have existed over the last several years would encompass essentially all technical and engineering documents that ever existed at the company. Searching for and collecting all such materials would be burdensome. Moreover, Tessera has not provided a justification for imposing that burden. Not all versions or revisions would be relevant. The patents Tessera has asserted for its royalty claim concern a limited set of features and components of a semiconductor package. UTC has already provided a full production of the operative technical documents concerning its packages. UTC's burden of attempting to comply with such a request outweighs any purported benefit to Tessera. Tessera must identify any particular documents and versions or revisions it contends would be relevant before production of these materials will be compelled.

RFP 28 seeks "Documents sufficient to describe the processes used to make each UTC Package and w-BGA Package." RFP 29 seeks "Documents sufficient to describe the operation (including the thermal, mechanical and electrical behavior) of each UTC Package and w-BGA package." RFP 30 seeks "All technical drawings (such as bond diagrams, substrate diagrams, package-outline drawings, unit-detail drawings) for each UTC Package and w-BGA package." RFP 31 seeks "All specifications for each UTC Package and w-BGA package."

In regards to RFPs 28-30, UTC has produced responsive documents and is not aware of anything more that should or could be produced. UTC has produced documentation responsive to RFP 31, and is searching for more at Tessera's request.

RFP 32 seeks "Documents sufficient to describe the materials (including the material's commercial name, chemical composition, thermos-mechanical properties, and geometry and dimensions of the material) used in each UTC Package and w-BGA package, including mold compounds, encapsulants, Underfills, solder-masks, die attach materials, die contacts, solder, package substrate, and interposer materials."

In regards to RFP 32, as well as RFPs 28-29, UTC is willing to search for and produce data sheets for components that may be relevant to the case: die attach, molding component, encapsulant, substrate, gold wire and solder balls. UTC is not aware of any others that are relevant. UTC has requested that Tessera identify any others it contends would be relevant and explain the basis, but Tessera has failed to do so. In regards to Tessera's argument that UTC's production in response to RFP 32 may not include all "bills of materials," Tessera has failed to identify anything that may be missing.

RFPs 35 and 36 seek eight samples of each of the UTC and w-BGA packages. In response to RFPs 35-36, UTC has sent sample packages of its w-BGA packages to Tessera's counsel.

Second, Tessera argues that UTC should be compelled to answer Interrogatory 19, which requests: "For each technical document produced by UTC in this litigation, identify which Packages at Issue the document describes or covers and any unique naming convention or identifiers used by UTC or its customer(s) for the Package at Issue described or covered by that document." According to Tessera, a response is necessary because the technical materials that UTC produced refer to UTC packages with inconsistent identifiers. However, no such correlation table matching technical documents to royalty reports exists, and UTC is not required to create one. Nevertheless, UTC agreed to create one, and is currently doing so.

Third, Tessera argues that it should be permitted to inspect UTC's manufacturing facility located at 2, Li Hsin Road 3, Science Based Industrial Park, Hsinchu, Taiwan. Tessera argues that an inspection would permit Tessera's experts to observe and document pertinent features of UTC's manufacturing processes and royalty-bearing products that cannot be inferred through other discovery. In addition, Tessera argues that the claim constructions that UTC has argued that the

4

Court should adopt seek to add numerous difficult-to-prove limitations to Tessera's process claims, adding to the need for this inspection.

UTC has concerns about the disruptiveness and invasiveness of a proposed inspection, given that information belonging to UTC's customers could be inadvertently disclosed during the inspection. UTC has asked Tessera to explain what information, if any, it believes an inspection could provide that is not already provided in the technical documents UTC has produced. Tessera has not done so. Before an inspection of UTC's manufacturing facility will be compelled, Tessera must specify what information it believes an inspection could provide that is not already provided in the technical documents UTC has produced.

Accordingly, Tessera's request for discovery responsive to RFPs 24-32 and 35-36, Interrogatory 19, and Tessera's First Request for Inspection is denied. In addition, Tessera's request that UTC be precluded from arguing that its products are not covered by Tessera's patent claims is also denied.

**IT IS SO ORDERED.**

Dated: April 24, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-04435 EJD (HRL) Order will be electronically mailed to:**

Anup M Shah    ashah@kslaw.com

Benjamin W. Hattenbach    bhattenbach@irell.com

David H. Herrington    dherrington@cgsh.com, dherrington@cgsh.com

Dominik B. Slusarczyk    dslusarczyk@irell.com, mspillner@tessera.com

Jackson Samuel Trugman    jtrugman@irell.com

Jacob Johnston    jjohnston@cgsh.com

Joseph Mark Lipner    jlipner@irell.com, csilver@irell.com, hhyun@irell.com, slee@irell.com

Lawrence B. Friedman    lfriedman@cgsh.com, maofiling@cgsh.com

Michael F. Heafey    mheafey@kslaw.com, rgowins@kslaw.com

Morgan Chu    mchu@irell.com

Morvarid Metanat    mmetanat@orrick.com

Nathaniel E. Jedrey    njedrey@cgsh.com

Polina Bensman    lbensman@cgsh.com

Richard William Krebs    rkrebs@irell.com, cmedina@irell.com, rbrown@tessera.com, Slee@irell.com, sveeraraghavan@tessera.com, tegarcia@tessera.com

Ryan Alexander Ward    rward@irell.com

Sri Kuehnlenz    skuehnlenz@cgsh.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**