*E-Filed: April 30, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | No. C10-04435 EJD (HRL) |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTE JOINT REPORT #9** |
| v. | |
| UTAC (TAIWAN) CORPORATION, | **[Dkt. No. 278]** |
| Defendant. | |

_____/

Plaintiff Tessera, Inc. ("Tessera") sues Defendant UTAC (Taiwan) Corporation ("UTC") for alleged failure to pay royalties under a license agreement. The first phase of this action concerned a contract interpretation dispute between Tessera and UTC about the criteria for determining which UTC products are royalty-bearing. Following discovery on that subject, the parties submitted summary judgment motions relating to contract interpretation, which were ruled on by the court.

In the second phase of this action, Tessera served UTC with infringement disclosures identifying the products that Tessera contends are royalty-bearing under the agreement. Tessera's July 8, 2014 disclosures identified 32 claims of 12 licensed patents and provided claim charts contending that two types of UTC packages—its w-BGA packages and DFN packages—are covered by the claims of licensed patents and are therefore royalty-bearing. Tessera's disclosure asserted that Tessera did not have enough information to determine whether a third type of package,

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    UTC's LGA SiP package, is covered by the claims of the licensed patents and is therefore royalty-

2    bearing.  UTC disputes Tessera's contentions, and also served Tessera with invalidity contentions.

3        UTC has filed a motion for partial summary judgment, which is currently pending.  Dkt.

4    Nos. 208, 247.  Tessera opposed the motion, and the court has not yet issued a ruling.  The parties

5    have also briefed and argued claim construction issues, and the court has not yet issued a claim

6    construction order.

7        Presently before the Court is the parties' Discovery Dispute Joint Report ("DDJR") #9.  Dkt.

8    No. 278.  The parties' dispute relates to the following Tessera discovery requests: RFP Nos. 80-81

9    and Federal Rule of Civil Procedure 30(b)(6) Topic No. 51.  Tessera seeks discovery, including

10   documents and deposition testimony, about the role of UTC's corporate affiliates in royalty-

11   triggering activities related to the products at issue.  Tessera argues that: (1) the requested discovery

12   is needed to determine the full extent to which UTC has participated in royalty-triggering activities

13   for UTC products, and in turn, the full amount of royalties owed by UTC under the agreement; (2)

14   discovery of UTC's corporate affiliates is necessary to verify UTC's summary spreadsheets—that

15   Tessera argues were created for this litigation—that contain the number of units sold and "billable

16   pins" of certain of the products at issue; (3) Tessera requires the requested discovery regarding

17   UTC's corporate affiliates to test UTC's assertions about the nature and scope of UTC's business

18   and its relationship with those entities; and (4) any relevant documents located in the offices of

19   UTC's corporate affiliates are discoverable, and UTC should be required to search for and collect

20   those documents.  Alternatively, Tessera argues that if UTC does not produce the requested

21   documents, Tessera should be entitled to an inference that certain products are royalty-bearing, and

22   Tessera's estimates of the number of units and "billable pins" in such products shall be presumed

23   accurate.  UTC argues that Tessera's requests for discovery are irrelevant, not within UTC's control,

24   and burdensome to search for.

25       First, the Court will address RFP 80 and Deposition Topic 51.  RFP 80 seeks documents

26   "sufficient to show the role of any UTAC Taiwan corporate parents, subsidiaries, or affiliates in the

27   manufacturing, distributing, promoting, selling, testing, or negotiating any w-BGA Packages,

28   UTAC Taiwan Packages, or UTAC Taiwan Tested Packages."  Deposition Topic 51 seeks to

1    require a UTC witness to testify as to "UTAC Taiwan's corporate structure, including the role of

2    any corporate parents, subsidiaries, or affiliates in the manufacturing, distributing, promoting,

3    selling, testing, or negotiating any w-BGA Packages, UTAC Taiwan Packages, or UTAC Taiwan

4    Tested Packages."

5            These requests are irrelevant and burdensome. They seek discovery about companies that are

6    not parties to the agreement and not parties to this lawsuit.  UTC is not required to produce

7    documents and information about other parties that it does not control.  *See Seifi v. Mercedes-Benz*

8    *U.S.A., LLC*, No. 12-CV-05493, 2014 WL 7187111, at *3 (N.D. Cal. 2014) (rejecting claim that

9    subsidiary had obligation to provide discovery of its parent corporation); *Dugan v. Lloyds TSB*

10   *Bank, PLC*, No. 12-CV-02549, 2013 WL 4758055, at *3 (N.D. Cal. Sept. 4, 2013) (same).

11   Moreover, the activities of other parties are irrelevant.  Only UTC is subject to the agreement, and

12   therefore only UTC's activities can be a basis for UTC owing royalties under it.

13           Second, the Court will address RFP 81.  RFP 81 seeks "[a]ll documents reflecting statements

14   made by UTAC Taiwan's corporate parents, subsidiaries, or affiliates, about any license to Tessera

15   patents or about the Agreement."

16           The documents sought are not relevant and not in UTC's control.  This request asks for

17   statements by other parties about other agreements, and Tessera has not explained how such

18   discovery is relevant here.  Statements by a party other than UTC are not relevant to, or binding on,

19   UTC, with respect to contract interpretation.  In addition, as discussed above, UTC does not control

20   its parent or any other company, and therefore has no obligation or ability to provide discovery of

21   the documents of other such companies.  Moreover, RFP 81 is overbroad.  UTC's parent, UTAC

22   Singapore, has its own separate patent license with Tessera.  Therefore, RFP 81's request for "[a]ll

23   documents reflecting statements made by" UTC Singapore "about any license to Tessera patents"

24   would encompass UTAC Singapore's statements about its own license.  These statements are not

25   relevant to UTC's license.

26           Accordingly, Tessera's request for discovery responsive to RFPs 80-81 and Deposition

27   Topic No. 51 is denied. In addition, Tessera's request that it be entitled to an inference that certain

28

products are royalty-bearing and its estimates of the number of units and "billable pins" in such products be presumed accurate is also denied.

**IT IS SO ORDERED.**

Dated: April 30, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1 | **C10-04435 EJD (HRL) Order will be electronically mailed to:**

2 | Anup M Shah    ashah@kslaw.com

3 | Benjamin W. Hattenbach    bhattenbach@irell.com

4 | David H. Herrington    dherrington@cgsh.com, dherrington@cgsh.com

5 | Dominik B. Slusarczyk    dslusarczyk@irell.com, mspillner@tessera.com

6 | Jackson Samuel Trugman    jtrugman@irell.com

7 | Jacob Johnston    jjohnston@cgsh.com

8 | Joseph Mark Lipner    jlipner@irell.com, csilver@irell.com, hhyun@irell.com, slee@irell.com

9 | Lawrence B. Friedman    lfriedman@cgsh.com, maofiling@cgsh.com

10 | Michael F. Heafey    mheafey@kslaw.com, rgowins@kslaw.com

11 | Morgan Chu    mchu@irell.com

12 | Morvarid Metanat    mmetanat@orrick.com

13 | Nathaniel E. Jedrey    njedrey@cgsh.com

14 | Polina Bensman    lbensman@cgsh.com

15 | Richard William Krebs    rkrebs@irell.com, cmedina@irell.com, rbrown@tessera.com, Slee@irell.com, sveeraraghavan@tessera.com, tegarcia@tessera.com

16 | Ryan Alexander Ward    rward@irell.com

17 | Sri Kuehnlenz    skuehnlenz@cgsh.com

18 | **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |