*E-Filed: May 20, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | No. C10-04435 EJD (HRL) |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTE JOINT REPORT #11** |
| v. | |
| UTAC (TAIWAN) CORPORATION, | **[Dkt. No. 280]** |
| Defendant. | |

Plaintiff Tessera, Inc. ("Tessera") sues Defendant UTAC (Taiwan) Corporation ("UTC") for alleged failure to pay royalties under a license agreement. The first phase of this action concerned a contract interpretation dispute between Tessera and UTC about the criteria for determining which UTC products are royalty-bearing. Following discovery on that subject, the parties submitted summary judgment motions relating to contract interpretation, which were ruled on by the court.

In the second phase of this action, Tessera served UTC with infringement disclosures identifying the products that Tessera contends are royalty-bearing under the agreement. Tessera's July 8, 2014 disclosures identified 32 claims of 12 licensed patents and provided claim charts contending that two types of UTC packages—its w-BGA packages and DFN packages—are covered by the claims of licensed patents and are therefore royalty-bearing. Tessera's disclosure asserted that Tessera did not have enough information to determine whether a third type of package,

UTC's LGA SiP package, is covered by the claims of the licensed patents and is therefore royalty-bearing. UTC disputes Tessera's contentions, and also served Tessera with invalidity contentions.

UTC has filed a motion for partial summary judgment, which is currently pending. Dkt. Nos. 208, 247. Tessera opposed the motion, and the court has not yet issued a ruling. The parties have also briefed and argued claim construction issues, and the court has not yet issued a claim construction order.

Presently before the Court is the parties' Discovery Dispute Joint Report ("DDJR") #11. Dkt. No. 280. The parties' dispute relates to the following Tessera discovery requests: RFP Nos. 13-14 and Federal Rule of Civil Procedure 30(b)(6) Topic Nos. 46 and 48-49, except to the extent such topics are directed to "UTAC Taiwan Tested Packages."

RFP 13 seeks "All Documents reflecting any monies earned or received by UTAC in connection with integrated circuit packages made, assembled, or sold by UTAC since September 24, 2010." RFP 14 seeks "All Documents reflecting any monies earned or received by UTAC in connection with Previously Paid Packages, including without limitation monies earned or received since September 24, 2010."

Deposition Topic 46 seeks to require a UTC witness to testify about "UTAC Taiwan's monies earned or received in connection with w-BGA Packages and UTAC Taiwan Packages sold, shipped, or supplied since September 24, 2010." Deposition Topic 49 seeks to require a UTC witness to testify about "[d]ocumentation maintained by UTAC Taiwan relating to revenues, sales, manufacture, shipment, and testing of all w-BGA Packages, UTAC Taiwan Packages, and UTAC Taiwan Tested Packages." Deposition Topic 48 seeks to require a witness to testify about "[f]inancial and sales information on a monthly basis relating to w-BGA Packages, UTAC Taiwan Packages, UTAC Taiwan Tested Packages, and any other services or products provided or shipped in connection with UTAC Taiwan Packages since September 24, 2010, including without limitation, unit sales, list and average sales price, gross and net revenues, gross and net profits, business plans, projections, estimates forecasts and financial goals."

The information sought is not relevant to this action. The calculation of royalties owed for covered products is defined by the agreement, which provides that the royalties owed is calculated

based on the number of billable pins in certain packages multiplied by the number of such packages sold. UTC has already provided this information.

First, Tessera argues that the requested information will assist it in confirming the nature and extent of UTC's sales of royalty-bearing products and thus the amount of damages caused by its alleged breach of the agreement. According to Tessera, UTC has produced only litigation-generated spreadsheets showing the number of units of royalty-bearing products UTC claims to have sold and the number of billable pins per unit. However, the "monies earned or received" and the matters covered by Tessera's deposition topics are not relevant. As explained above, the royalties owed are calculated based on the number of units sold multiplied by the number of billable pins in each unit.

Second, Tessera argues that the information sought is relevant to refuting UTC's patent invalidity defense. According to Tessera, it is allowed to prove that its patents are not obvious because the products that embody them have enjoyed commercial success, and information about UTC's revenues, costs, and profits on products that practice the claims of the licensed Tessera patents is relevant to determining the commercial success of Tessera's patents. However, Tessera does not articulate a purported basis for asserting that the "monies earned or received" in connection with UTC's packages or the information sought by the deposition topics would establish commercial success of Tessera's patents. Tessera has not asserted before that these packages are covered by the patents at issue here, nor has it articulated any theory as to how these packages could establish the commercial success of Tessera's patents.

Third, Tessera argues that UTC should not be permitted to withhold discovery that would refute UTC's assertion that the licensed patents are valueless to UTC's business. According to Tessera, the requested discovery is calculated to discover evidence showing the amount of money UTC has actually made from its sales of royalty-bearing products. However, Tessera has not identified any claim or defense in the case that turns on the "value" of the technology. Nor has it explained how its discovery requests relate to this topic.

Fourth, Tessera argues that the financial performance of UTC's licensed products is also relevant to challenging UTC's claim that it may have been put at an economic disadvantage as

compared to other Tessera licensees.  However, the "monies earned or received" by UTC and the financial information sought in the deposition topics are not relevant to this issue.

Accordingly, Tessera's request for discovery responsive to RFP Nos. 13-14 and Deposition Topics 46, and 48-49 is denied.  In addition, Tessera's request that the Court issue evidentiary sanctions against UTC is denied.

**IT IS SO ORDERED.**

Dated: May 20, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-04435 EJD (HRL) Order will be electronically mailed to:**

Anup M Shah     ashah@kslaw.com

Benjamin W. Hattenbach     bhattenbach@irell.com

David H. Herrington     dherrington@cgsh.com, dherrington@cgsh.com

Dominik B. Slusarczyk     dslusarczyk@irell.com, mspillner@tessera.com

Jackson Samuel Trugman     jtrugman@irell.com

Jacob Johnston     jjohnston@cgsh.com

Joseph Mark Lipner     jlipner@irell.com, csilver@irell.com, hhyun@irell.com, slee@irell.com

Lawrence B. Friedman     lfriedman@cgsh.com, maofiling@cgsh.com

Michael F. Heafey     mheafey@kslaw.com, rgowins@kslaw.com

Morgan Chu     mchu@irell.com

Morvarid Metanat     mmetanat@orrick.com

Nathaniel E. Jedrey     njedrey@cgsh.com

Polina Bensman     lbensman@cgsh.com

Richard William Krebs     rkrebs@irell.com, cmedina@irell.com, rbrown@tessera.com, Slee@irell.com, sveeraraghavan@tessera.com, tegarcia@tessera.com

Ryan Alexander Ward     rward@irell.com

Sri Kuehnlenz     skuehnlenz@cgsh.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**