1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

SAN JOSE DIVISION

10

11

TESSERA, INC.,

Plaintiff,

12

v.

13

UTAC (TAIWAN) CORPORATION,

14

Defendant.

15

Case No. 5:10-cv-04435-EJD

**ORDER DENYING MOTION FOR
LEAVE TO FILE SECOND AMENDED
COMPLAINT**

Re: Dkt. Nos. 233, 234

16    Presently before the Court is Plaintiff Tessera, Inc.'s ("Tessera" or "Plaintiff") Motion for

17   Leave to File Second Amended Complaint ("Motion").  Docket Item No. 234.  Federal jurisdiction

18   arises pursuant to 28 U.S.C. § 1332(a)(2).  This matter is suitable for decision without oral

19   argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the hearing scheduled for May 21,

20   2015, is VACATED.  Having carefully considered the pleadings filed by the parties, the Court

21   finds, concludes and orders as follows:

22    1.    Most motions to amend the pleadings are initially subject to the liberal standard for

23   amendments contained in Federal Rules of Civil Procedure 15.  Fed. R. Civ. P. 15(a)(2) ("The

24   court should freely give leave [to amend] when justice so requires."); Morongo Band of Mission

25   Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  But here, the court-imposed deadline for

26   amendments to the pleadings expired before this motion was filed.  As such, Plaintiff's motion is

27   preliminarily governed by Rule 16 rather than Rule 15.  Johnson v. Mammoth Recreations Inc.,

28

United States District Court
Northern District of California

1    975 F.2d 604, 607-608 (1992).

2         2.    Under Rule 16, Plaintiff must initially demonstrate sufficient "good cause" to

3    modify the scheduling order so as to allow for the late amendments.  See id.; see also Fed. R. Civ.

4    P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").  If,

5    and only if, the requisite good cause is shown, the court then turns to an examination of the

6    relevant factors under Rule 15.  Hood v. Hartford Life & Accident Ins. Co., 567 F. Supp. 2d 1221,

7    1224 (E.D. Cal 2008); Johnson, 975 F.2d at 609 ("If that party was not diligent, the inquiry should

8    end.").

9         3.    In examining this matter, the Court must be mindful of what can constitute "good

10   cause" under Rule 16.  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad

11   faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule

12   16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the

13   amendment."  Johnson, 975 F.2d at 609.  "The district court may modify the pretrial schedule if it

14   cannot reasonably be met despite the diligence of the party seeking the extension."  Id. (internal

15   quotations omitted).  "[N]ot only must parties participate from the outset in creating a workable

16   Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule

17   throughout the subsequent course of the litigation."  Jackson v. Laureate, Inc., 186 F.R.D. 605,

18   607 (E.D. Cal. 1999).

19        4.    Having considered the positions of both parties, the Court has concluded that

20   Tessera has not met its burden under Rule 16.  First, Tessera filed this suit in September 2010

21   against Defendant UTAC Corporation ("UTAC" or "Defendant") and UTAC moved to dismiss

22   Tessera's Complaint for failure to state a claim.  Dkt. No. 36.  On March 28, 2012, the Court

23   granted UTAC's motion, ruling that the patent license agreement ("PLA") "makes clear that

24   UTAC's duty to pay royalties is conditioned upon UTAC actually making products that the [PLA]

25   covers" and that Tessera's Complaint "lacks any allegation that UTAC made a product that would

26   have triggered the obligation to pay royalties."  Dkt. No. 75 at 4.  Tessera then filed its First

27   Amended Complaint ("FAC"), in which Tessera alleged that UTAC "is obligated to pay royalties

28

Case No.: 5:10-cv-04435-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

United States District Court
Northern District of California

1    to Tessera on products made by UTAC Taiwan that meet the definition of TCC packages."  <u>See</u>

2    Declaration of David H. Herrington ("DHH") Ex. 3 at ¶¶ 11, 15, 17, 22-24, 36.  The FAC did not

3    allege or contain anything regarding UTAC's testing-only services.

4         5.         On June 26, 2012, the Court entered a Case Management Order requiring that any

5    further amendments to the pleadings be filed within sixty days.  Dkt. No. 92 at 1.  At that stage,

6    Tessera did not seek to further amend its Complaint during that period.  Following its summary

7    judgment ruling, the Court entered a Case Management Order requiring that Tessera disclose any

8    infringement contentions by July 8, 2014, emphasizing this deadline "will not be extended for any

9    reason." Dkt. No. 186 at 2.  Here, Tessera's infringement contentions did not assert any patent as

10   allegedly covering UTAC's testing-only services.  <u>See</u> DHH Ex. 4 at 1-6.

11        5.         In April 2014, after the Court issued its summary judgment ruling rejecting

12   Tessera's proposed interpretation of the PLA, Tessera requested discovery concerning UTAC's

13   testing-only services.  <u>See</u> DHH Exs. 9, 10.  UTAC responded that Tessera's discovery was

14   improper because "Tessera's complaint does not, and cannot, state a claim for royalties for 'Tested

15   Packages.'"  <u>See</u> DHH Ex. 5 at 10.   Even at this stage, Tessera did not try to amend its Complaint

16   to add such a claim, but instead filed a motion to compel discovery.  However, Magistrate Judge

17   Lloyd denied the motion, because Tessera's amended Complaint did not assert a claim against

18   UTAC's testing-only services.  Dkt. No. 225.  Tessera now seeks to overcome the Magistrate

19   Judge Lloyd's ruling by moving for leave to amend a claim against UTAC's testing-only services.

20   Dkt. No. 234.

21        6.         Here, Tessera does not satisfy its burden to establish good cause under Fed. R.

22   Civ. P. 16 to be excused from the Court's deadline for amending pleadings, which expired more

23   than two years ago.  Dkt. No. 92 at 1.  Tessera argues that it received Judge Lloyd's order on

24   January 30, 2015 and filed its motion seeking to amend its Complaint less than one week later on

25   February 5, 2015.  Dkt. No. 234.  As such, Tessera asserts that there are no cases cited by UTAC

26   holding that "moving for leave six days following the receipt of new information demonstrates

27   lack of diligence."  <u>See</u> Dkt. No. 267-4 at 4.  However, Tessera has known, at least since the

28

United States District Court
Northern District of California

3

Case No.: <u>5:10-cv-04435-EJD</u>
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

parties' PLA was signed in 2001, that UTAC has two separate businesses: (1) it makes semiconductor packages; and (2) it provides testing services on packages made by other companies, referred to as "testing-only services."  See Dkt. No. 262-34 at 1.  Tessera attempts to assert a claim against UTAC's testing-only service now, more than four years after it filed this suit and nearly two and half years after the Court ordered deadline for any amendments to the pleading.  See id. at 5.  The delay, however, is measured from the date Tessera filed this suit more than four years ago or from the Court ordered deadline for any amendments that expired more than two years ago because Tessera has known that UTAC has two separate businesses.  Therefore, the Motion is DENIED because Tessera does not satisfy the good cause showing required under Rule 16.

        **IT IS SO ORDERED.**

Dated: May 26, 2015

EDWARD J. DAVILA
United States District Judge

Case No.: 5:10-cv-04435-EJD
ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT