*E-Filed: May 27, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | No. C10-04435 EJD (HRL) |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTE JOINT REPORT #12** |
| v. | |
| UTAC (TAIWAN) CORPORATION, | **[Dkt. No. 288]** |
| Defendant. | |

Plaintiff Tessera, Inc. ("Tessera") sues Defendant UTAC (Taiwan) Corporation ("UTC") for alleged failure to pay royalties under a license agreement. The first phase of this action concerned a contract interpretation dispute between Tessera and UTC about the criteria for determining which UTC products are royalty-bearing. Following discovery on that subject, the parties submitted summary judgment motions relating to contract interpretation, which were ruled on by the court.

In the second phase of this action, Tessera served UTC with infringement disclosures identifying the products that Tessera contends are royalty-bearing under the agreement. Tessera's July 8, 2014 disclosures identified 32 claims of 12 licensed patents and provided claim charts contending that two types of UTC packages—its w-BGA packages and DFN packages—are covered by the claims of licensed patents and are therefore royalty-bearing. Tessera's disclosure asserted that Tessera did not have enough information to determine whether a third type of package, UTC's LGA SiP package, is covered by the claims of the licensed patents and is therefore royalty-bearing. UTC disputes Tessera's contentions, and also served Tessera with invalidity contentions.

UTC has filed a motion for partial summary judgment, which is currently pending. Dkt. Nos. 208, 247. Tessera opposed the motion, and the court has not yet issued a ruling. The parties have also briefed and argued claim construction issues, and the court has not yet issued a claim construction order.

Presently before the Court is the parties' Discovery Dispute Joint Report ("DDJR") #12. Dkt. No. 288. The parties' dispute relates to the subpoena that Tessera served on UGS America Sales Inc. ("UGS America") on February 18, 2015, which includes 16 document requests and 21 deposition topics. UGS America provides sales support services in the United States for various companies.

Tessera requests that the Court order UGS America to produce responsive documents to each of Tessera's document requests and designate a witness to testify to each of the deposition topics. First, Tessera argues that UGS America's relationship with UTC is relevant to UTC's assertions about its nexus to the United States. According to Tessera, UTC put at issue how much of its business has a nexus to the United States or U.S. companies in its motion for summary judgment (Dkt. No. 247), and testing UTC's assertions requires allowing inquiry about the various connections between UTC and UGS America. Second, Tessera argues that the requested discovery seeks information relevant to determining the full scope of royalties owed by UTC under the agreement. According to Tessera, UTC has improperly limited its disclosures to only those products it made and sold exclusively in Taiwan, and UGS America similarly seeks to limit its deposition to such products. Third, Tessera argues that discovery regarding UGS America's marketing activities is relevant to UTC's exploitation of patented technologies that it licensed from Tessera in the U.S. market. According to Tessera, UGS America's marketing materials are relevant to determining whether there are offers for sale in the United States for UTC's products and the extent of UTC's presence in the U.S. market. These materials would also show how the UTC products at issue are described to potential customers, which is relevant to both UTC's use of Tessera's patents and refuting UTC's contention that the asserted Tessera patents are obvious. Fourth, Tessera argues that it seeks information relating to UTC's involvement in the selling,

distributing, or marketing of products at issue, which is relevant to testing UGS America's assertions that it is not aware of any UGS America sales of UTC products.

UTC argues that the subpoena seeks deposition testimony and documents that do not relate to this case or concern parties to this case, and that would impose an extraordinary burden on a non-party. UTC requests that the subpoena be quashed, or in the alternative, limited to the topic of the actual sale of UTC products by UGS America and narrowed to seek only documents in the possession of UGS America (and not its corporate affiliates).

Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena commanding a non-party to attend and testify; produce designated documents, electronically stored information, or tangible things in that non-party's possession, custody or control; or permit the inspection of premises. Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery through a Fed. R. Civ. P. 45 subpoena is the same as that applicable to Fed. R. Civ. P. 34 and the other discovery rules. Fed. R. Civ. P. 45 advisory committee's note (1970).

Parties may obtain discovery about any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevance under Rule 26(b)(1) is construed more broadly for discovery than for trial." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Discovery is not unfettered, however. A court must limit the extent or frequency of discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive; (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Fed. R. Civ. P. 45(d)(3)(B) provides that the court may quash or modify a subpoena if it requires: "(i) disclosing a trade secret or other confidential research, development, or commercial

3

information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Additionally, Fed. R. Civ. P. 45(d)(3) provides that the court must quash or modify a subpoena that imposes an undue burden.

First, in regards to RFPs 2, 5, 9, 15, and 16 as well as Deposition Topics 5, 8, 13, 15, 16, 17, 19, and 20, Tessera's subpoena demands documents and deposition testimony about companies other than UTC. This demand for discovery concerning parties other than UTC would produce irrelevant information. UGS America provides sales services for several companies, all of which Tessera includes under the label "UTAC Group." For instance, included in UTAC Group is United Test and Assembly Center Ltd. ("UTAC Singapore")—UTC's parent—which has its own license with Tessera and is not covered by the agreement at issue here. The other companies included under the label "UTAC Group" are not parents or subsidiaries of UTC. These companies are not subject to the license agreement between Tessera and UTC, and are irrelevant to the action.

Second, Tessera's requests for matters other than UGS America's sales of UTC products would impose an undue burden and produce irrelevant information. In regards to RFPs 1, 2, 4, 5, 6, 8, 9, 11, 13, 14, and 15 as well as Deposition Topics 1, 2, 5, 7, 8, 9, 10, 12, 13, 15, 16, 17, 18, 19, and 20, Tessera's subpoena demands documents and information that do not concern sales of UTC products and therefore have no bearing on this action.

For example, RFP 4 seeks "all communications" between UGS America and UTC. UTC objects to searching for and collecting all communications that might have occurred between UTC and UGS America, regardless of what the communications might relate to, because it would be burdensome and unjustified. *See Convolve, Inc. v. Dell, Inc.*, No. C10-80071 WHA, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) ("Requests to non-parties should be narrowly drawn to meet specific needs for information."). However, UTC states that UGS America is willing to produce discovery concerning any sales that it made or participated in of products made by UTC.

Moreover, the subpoena requests financial and marketing information, which is irrelevant to determining UTC's potential royalty obligations under the agreement. As discussed in the Order Re: Discovery Dispute Joint Report #11, the royalties owed is calculated based on the number of

billable pins in certain packages multiplied by the number of such packages sold. Dkt. No. 313, at 2-3. The profits UTC may earn are irrelevant. Further, marketing activities that do not result in a sale cannot trigger the royalty obligation.

In addition, the subpoena seeks to impose on UGS America an obligation to obtain information that should come from UTC. For instance, RFP 6 seeks "Documents sufficient to identify all expenses, costs, revenues, or profits incurred or received by [UTC] for importations or sales of any Packages at Issue." If this information is provided, it should come from UTC as a party to the case. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing a non-party subpoena that sought information that was "obtainable from a source more direct, convenient, and less burdensome—namely, from Defendants"). Moreover, RFP 1 requests all documents relating to the agreement or Tessera, and Deposition Topic 10 requests a witness to testify about "discussions between [UTC] and any other person or entity, relating to the Agreement or Tessera, Inc." among other things. However, UTC is the party to the agreement with Tessera, and UTC has already fully provided discovery on these subject. This discovery is not appropriate to impose on a non-party.

Accordingly, Tessera's subpoena is limited to the topic of the actual sale of UTC products by UGS America and narrowed to seek only documents in the possession of UGS America (and not its corporate affiliates). If UGS America has not already done so, it shall produce all responsive documents within fourteen (14) days of the date this order is filed and designate a witness to testify to Deposition Topics 1, 2, 5, 7, 10, 12, 13, 16, 17, 18, 19, and 20,[1] as narrowed, at a mutually agreeable date shortly following the document production.

**IT IS SO ORDERED.**

Dated: May 27, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Deposition Topics 8, 9, and 15 request financial and marketing information. As explained above, this information is irrelevant to determining UTC's potential royalty obligations under the agreement.

5

**C10-04435 EJD (HRL) Order will be electronically mailed to:**

Anup M Shah    ashah@kslaw.com

Benjamin W. Hattenbach    bhattenbach@irell.com

David H. Herrington    dherrington@cgsh.com, dherrington@cgsh.com

Dominik B. Slusarczyk    dslusarczyk@irell.com, mspillner@tessera.com

Jackson Samuel Trugman    jtrugman@irell.com

Jacob Johnston    jjohnston@cgsh.com

Joseph Mark Lipner    jlipner@irell.com, csilver@irell.com, hhyun@irell.com, slee@irell.com

Lawrence B. Friedman    lfriedman@cgsh.com, maofiling@cgsh.com

Michael F. Heafey    mheafey@kslaw.com, rgowins@kslaw.com

Morgan Chu    mchu@irell.com

Morvarid Metanat    mmetanat@orrick.com

Nathaniel E. Jedrey    njedrey@cgsh.com

Polina Bensman    lbensman@cgsh.com

Richard William Krebs    rkrebs@irell.com, cmedina@irell.com, rbrown@tessera.com, Slee@irell.com, sveeraraghavan@tessera.com, tegarcia@tessera.com

Ryan Alexander Ward    rward@irell.com

Sri Kuehnlenz    skuehnlenz@cgsh.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**