*E-Filed: June 4, 2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC., <br>     Plaintiff, <br> v. <br> UTAC (TAIWAN) CORPORATION, <br>     Defendant. | Case No. 10-cv-04435-EJD (HRL) <br><br> **ORDER RE: DISCOVERY DISPUTE JOINT REPORT #13** <br><br> Re: Dkt. No. 290 |

    Plaintiff Tessera, Inc. ("Tessera") sues Defendant UTAC (Taiwan) Corporation ("UTC") for alleged failure to pay royalties under a license agreement. The first phase of this action concerned a contract interpretation dispute between Tessera and UTC about the criteria for determining which UTC products are royalty-bearing. Following discovery on that subject, the parties submitted summary judgment motions relating to contract interpretation, which were ruled on by the court.

    In the second phase of this action, Tessera served UTC with infringement disclosures identifying the products that Tessera contends are royalty-bearing under the agreement. Tessera's July 8, 2014 disclosures identified 32 claims of 12 licensed patents and provided claim charts contending that two types of UTC packages—its w-BGA packages and DFN packages—are covered by the claims of licensed patents and are therefore royalty-bearing. Tessera's disclosure asserted that Tessera did not have enough information to determine whether a third type of

package, UTC's LGA SiP package, is covered by the claims of the licensed patents and is therefore royalty-bearing. UTC disputes Tessera's contentions, and also served Tessera with invalidity contentions.

UTC has filed a motion for partial summary judgment, which is currently pending. Dkt. Nos. 208, 247. Tessera opposed the motion, and the court has not yet issued a ruling. The parties have also briefed and argued claim construction issues, and the court has not yet issued a claim construction order.

Presently before the Court is the parties' Discovery Dispute Joint Report ("DDJR") #13. Dkt. No. 290. The parties' dispute relates to RFP No. 85 in Tessera's 8th Set of Requests for Production. Tessera requests that the Court order UTC to produce responsive documents to RFP 85, which seeks UTC's internal engineering communications related to the semiconductor packages at issue. Tessera argues that these documents are relevant because they provide evidence of UTC's alleged infringement of the asserted Tessera patents as well as evidence rebutting invalidity contentions that have been raised by UTC. In addition, Tessera argues that producing this discovery is not unduly burdensome. UTC argues that the requested discovery is cumulative and unnecessary as well as overbroad and unduly burdensome.

Parties may obtain discovery about any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevance under Rule 26(b)(1) is construed more broadly for discovery than for trial." *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1211 (Fed. Cir. 1987). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Discovery is not unfettered, however. A court must limit the extent or frequency of discovery if it finds that (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive; (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues. Fed. R. Civ. P.

26(b)(2)(C)(i)-(iii).

Here, RFP 85 seeks "All internal communications between UTC engineers, developers, or researchers, relating to Packages at Issue." "Packages at Issue" is defined as "all w-BGA Packages and UTC Packages." "UTC Packages" is defined as "any integrated circuit packages made . . . or sold by UTC at any time other than w-BGA Packages, including but not limited to DFN and LGA SiP Packages." "W-BGA Packages" are defined as "packages made . . . or sold by UTC on which UTC paid royalties to Tessera prior to September 24, 2010 or any substantially similar packages."

Tessera's request is overbroad and unduly burdensome. Because UTC is in the business of making integrated circuit packages, a large percentage of communications among UTC's engineers, developers, and researchers is likely to relate to such packages. UTC asserts that it would take weeks to collect such communications, and it would require additional time and expense for UTC's counsel to sort through the documents to ensure that only responsive, non-privileged documents are produced.

In addition, the requested discovery is cumulative and unnecessary. UTC has already produced package drawings, wiring diagrams, bills of materials, specifications, data sheets and training materials for the various assembly steps and processes involved in making the packages. These engineering drawings and other technical documents show the structures, features, and operations of the Packages at Issue. Tessera has no basis to contend that internal communications would reveal anything relevant to the structure and operation of the packages that is not contained in the engineering and technical documents that UTC has already produced.

In the alternative, Tessera states that it is willing to narrow its request to the following UTC engineers that Tessera believes are likely to possess information most relevant to responding to UTC's non-infringement and invalidity defenses: Ken Keng (UTC's head of research and development); any predecessors to Ken Keng holding the title of head of research and development or a substantially similar title; and Vincent Liu, Eric Kuo, and Norick Chang (engineers in UTC's Assembly Engineering Section). Tessera states that it is also willing to narrow the date range of the request from 2001 (the year the parties entered the agreement) to the present. This narrowed request, however, is also overbroad. It seeks the collection and production

of essentially all of the engineers' emails and other communications over a fourteen-year period.

Accordingly, Tessera's request that UTC be ordered to produce documents responsive to RFP 85 is denied.

**IT IS SO ORDERED.**

Dated: June 4, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge