*E-Filed: June 12, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | No. C10-04435 EJD (HRL) |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTE JOINT REPORT #10** |
| v. | |
| UTAC (TAIWAN) CORPORATION, | **[Dkt. No. 276]** |
| Defendant. | |

Plaintiff Tessera, Inc. ("Tessera") sues Defendant UTAC (Taiwan) Corporation ("UTC") for alleged failure to pay royalties under a license agreement. The first phase of this action concerned a contract interpretation dispute between Tessera and UTC about the criteria for determining which UTC products are royalty-bearing. Following discovery on that subject, the parties submitted summary judgment motions relating to contract interpretation, which were ruled on by the court.

In the second phase of this action, Tessera served UTC with infringement disclosures identifying the products that Tessera contends are royalty-bearing under the agreement. Tessera's July 8, 2014 disclosures identified 32 claims of 12 licensed patents and provided claim charts contending that two types of UTC packages—its w-BGA packages and DFN packages—are covered by the claims of licensed patents and are therefore royalty-bearing. Tessera's disclosure asserted that Tessera did not have enough information to determine whether a third type of package,

UTC's LGA SiP package, is covered by the claims of the licensed patents and is therefore royalty-bearing. UTC disputes Tessera's contentions, and also served Tessera with invalidity contentions.

UTC has filed a motion for partial summary judgment, which is currently pending. Dkt. Nos. 208, 247. Tessera opposed the motion, and the court has not yet issued a ruling. The parties have also briefed and argued claim construction issues, and the court has not yet issued a claim construction order.

Presently before the Court is the parties' Discovery Dispute Joint Report ("DDJR") #10. Dkt. No. 276. The parties' dispute relates to the following Tessera discovery requests: RFP No. 33 and Federal Rule of Civil Procedure 30(b)(6) Topic No. 14. According to Tessera, UTC refuses to produce "catalogs, data sheets, data books and product specifications," as well as presentations for the products at issue, even though it makes such materials available to customers, investors, or industry conferences. *See* RFP 33. In addition, Tessera asserts that UTC refuses to provide a corporate representative on 30(b)(6) topics covering UTC's representations to customers concerning the agreement. *See* Tessera's 30(b)(6) Notice Topic 14. Tessera argues that UTC's marketing materials are relevant to proving that UTC's products practice the licensed patents, rebutting UTC's obviousness defenses and counterclaims, and rebutting UTC's geographical scope arguments. In the alternative, Tessera argues that UTC should be precluded from arguing at trial that (1) its products do not infringe the asserted patents; (2) Tessera's patents are invalid due to obviousness; and (3) UTC's royalty obligations are limited to its activities in countries where Tessera has a valid and infringed patent in force. UTC argues that Tessera's requests for discovery are irrelevant and burdensome.

First, the Court will address RFP 33. RFP 33 seeks: "For each of the UTC Packages and w-BGA packages, all Documents that are made generally available to customers (including wholesalers, retailers, and distributors) or the public, including catalogs, data sheets, data books and product specifications."

The parties already addressed this RFP when they reached an agreement on May 30, 2014 as to what technical documents UTC would produce. *See* UTC's Responses and Objections to Tessera's Third Set of Requests for Production at RFP 33. Consistent with the agreement, UTC has

1  produced technical documents reasonably relevant to the features and qualities of the UTC products
2  that Tessera is accusing of infringing its patents, as well as the processes for making these products.
3  To the extent Tessera is arguing that there are additional technical documents responsive to RFP 33
4  that would be relevant to Tessera's infringement contentions, it has not explained its basis for this
5  argument. In regards to Tessera's argument as to "geographic scope," Tessera has not identified a
6  connection between geographic scope and RFP 33. Tessera has not argued that RFP 33 is relevant
7  to any other issue in the case.

8  Moreover, RFP 33 is burdensome. It purports to cover an unlimited time period and lacks a
9  limit as to the subject matter addressed in the requested documents. Here, the burden of complying
10 with RFP 33 outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (a court must limit
11 discovery when "the burden or expense of the proposed discovery outweighs its likely benefit,
12 considering the needs of the case, the amount in controversy, the parties' resources, the importance
13 of the issues at stake in the action, and the importance of the discovery in resolving the issues").

14 Second, the Court will address Deposition Topic 14. Deposition Topic 14 seeks to require a
15 UTC witness to address "UTAC Taiwan's representations to customers, or otherwise in any
16 marketing, promotional, or other materials or communications, since December 3, 2001, that any
17 UTAC Taiwan Packages are made under a license from Tessera." The only justification Tessera
18 offers for its motion to compel as to Topic 14 is its "geographic scope" argument.

19 UTC already provided multiple witnesses in the first phase of litigation who were
20 extensively questioned about the actual negotiations between the parties concerning the agreement.
21 Thus, Tessera has already received competent evidence on the subject. In addition, this request is
22 overly broad and burdensome, as it purports to cover a period of over 13 years, as well as whether
23 any communications with customers during that period included representations of the type
24 described in this Topic. Because the burden of this proposed discovery outweighs its likely benefit,
25 Tessera's motion is denied.

26 Accordingly, Tessera's request for discovery responsive to RFP 33 and Deposition Topic 14.
27 is denied. In addition, Tessera's request that UTC be precluded from arguing at trial that (1) its
28 products do not infringe the asserted patents; (2) Tessera's patents are invalid due to obviousness;

and (3) UTC's royalty obligations are limited to its activities in countries where Tessera has a valid and infringed patent in force, is denied.

**IT IS SO ORDERED.**

Dated: June 12, 2015

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-04435 EJD (HRL) Order will be electronically mailed to:**

Anup M Shah    ashah@kslaw.com

Avram E Luft    aluft@cgsh.com

Benjamin W. Hattenbach    bhattenbach@irell.com

David H. Herrington    dherrington@cgsh.com, dherrington@cgsh.com

Dominik B. Slusarczyk    dslusarczyk@irell.com, mspillner@tessera.com

Jackson Samuel Trugman    jtrugman@irell.com

Jacob Johnston    jjohnston@cgsh.com

Joseph Mark Lipner    jlipner@irell.com, csilver@irell.com, hhyun@irell.com, slee@irell.com

Lawrence B. Friedman    lfriedman@cgsh.com, maofiling@cgsh.com

Michael F. Heafey    mheafey@kslaw.com, rgowins@kslaw.com

Morgan Chu    mchu@irell.com

Morvarid Metanat    mmetanat@orrick.com

Nathaniel E. Jedrey    njedrey@cgsh.com

Polina Bensman    lbensman@cgsh.com

Richard William Krebs    rkrebs@irell.com, cmedina@irell.com, rbrown@tessera.com, Slee@irell.com, sveeraraghavan@tessera.com, tegarcia@tessera.com

Ryan Alexander Ward    rward@irell.com

Sri Kuehnlenz    skuehnlenz@cgsh.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**