E-Filed 10/21/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC.,<br><br>       Plaintiff,<br><br>    v.<br><br>UTAC (TAIWAN) CORPORATION,<br><br>       Defendant. | Case No. 10-cv-04435-EJD   (HRL)<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT REPORT 18**<br><br>Re: Dkt. No. 368 |

Tessera, Inc. ("Tessera") sues UTAC (Taiwan) Corporation ("UTC") for breach of contract and patent infringement. Dr. Bravman wrote an expert report for Tessera, and the parties filed discovery dispute joint report ("DDJR") 14 when they failed to agree on whether the scope of mandatory expert discovery required Tessera to produce "certain materials and information" related to Dr. Bravman's report. Dkt. No. 336. Tessera argued, in part, that unproduced scanning electron microscope photos of semiconductor packages were non-discoverable work product because those photos were created for this case at the direction of Tessera's lawyers and Dr. Bravman did not review, generate, or rely upon those photos. The court resolved DDJR 14, in part, by ruling that Tessera may withhold any such unproduced photos as work product. Dkt. No. 361 at 3.

The parties now dispute whether Tessera accurately described how the photos withheld as work product were created. UTC quotes deposition testimony from Dr. Bravman that suggests photos were taken according to requests and instructions from Dr. Bravman; UTC argues that Dr. Bravman therefore "generated" the withheld photos and Tessera must produce all of them under Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(B). UTC also argues Tessera has been unduly evasive during the discovery process and that therefore Tessera should provide a log of withheld

photos to UTC. Tessera responds that UTC's request is an untimely attempt to relitigate issues that the court already resolved. Tessera also asserts that Dr. Bravman received a subset of preexisting work-product photos and that no new photos were generated in response to his requests.

**Discussion**

UTC raises this dispute far too late. Expert discovery closed on July 17, 2015, and UTC was required to file this DDJR no more than seven days later. Dkt. No. 342 at 1; Civ. L.R. 37-3; Dkt. No. 118 at 9. UTC deposed Dr. Bravman on July 14, 2015. This DDJR is based on that deposition testimony and UTC could have timely filed this DDJR within the ten days following the deposition. UTC, instead, filed this DDJR on October 16, 2015.

UTC argues it has not waived this dispute because UTC deposed Dr. Bravman after DDJR 14 had already been filed. Dkt. No. 368 at 4 n.1. That does not explain why UTC deposed Dr. Bravman and then waited three months to file a DDJR about his deposition testimony. The dispute in this DDJR relates to the disputes in DDJR 14, but that did not preclude UTC from timely filing this DDJR. In the past UTC has raised disputes that relate to each other by concurrently filing separate DDJRs that relate to each other, Dkt. Nos. 337, 339; likewise, UTC could have timely filed this DDJR in July even though related disputes had been filed in DDJR 14.

UTC also cites *City of Owensboro v. Kentucky Utilities Co.*, No. 4:04 CV-87-M, 2008 WL 4542674, at *2 (W.D. Ky. 2008), to argue discovery disputes related to FRCP 26(a)(2)(B) cannot be untimely. Dkt. No. 368 at 4 n.1. UTC misreads *Owensboro*, which held that a party is not required to separately raise FRCP 26(a) before that party may request the exclusion of expert testimony under FRCP 37(c). That holding is not binding on this court and, in any event, that holding provides no justification for the violation of Local Rule 37-3 and the violation of the parties' stipulated protective order.

**Conclusion**

The court shall not rule on the merits of this discovery dispute because the dispute was not timely presented to the court as required by Civil Local Rule 37-3 and the parties' stipulated

1  protective order.  The court shall not order the relief requested by UTC.

2  **IT IS SO ORDERED.**

3  Dated: 10/21/15

_____
HOWARD R. LLOYD
United States Magistrate Judge