E-Filed 10/26/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TESSERA, INC.,

        Plaintiff,

    v.

UTAC (TAIWAN) CORPORATION,

        Defendant.

Case No.  10-cv-04435-EJD   (HRL)

**ORDER RE: DISCOVERY DISPUTE JOINT REPORT 17**

Re: Dkt. No. 366

      Tessera, Inc. ("Tessera") sues UTAC (Taiwan) Corporation ("UTC") for breach of contract and patent infringement.  Tessera's expert, Dr. Bravman, wrote an expert report that analyzed scanning electron microscope images of several semiconductor packages.  Tessera had purchased two of those semiconductor packages on the open market and UTC did not have an opportunity to inspect or test those packages.  UTC requested a meaningful opportunity to verify the accuracy of Tessera's work by submitting those packages to an independent lab for further testing.

      Tessera refused.  The parties filed discovery dispute joint report ("DDJR") 14, and the court ruled that UTC could not fairly defend itself without the opportunity "to inspect and test" those two packages.  The court therefore ordered the parties to submit the packages to an independent lab "for testing" according to mutually agreeable protocols.  The court also ordered the parties, if they failed to agree upon testing protocols within two weeks, to file a follow-up DDJR that would list their outstanding disagreements along with one plan from each party for how the court should resolve the disagreements.  Dkt. No. 361 at 6.  The court stated that, if the follow-up DDJR were filed, the court would "adopt and enforce the suggested plan that seems most reasonable to the court."  *Id.*  The parties failed to reach an agreement and, accordingly, filed DDJR 17.

1    The court has considered the disputes listed in DDJR 17 as well as the parties' alternative

2    plans for how the court should resolve those disputes.  The court adopts UTC's suggested plan.

3                                    **DISCUSSION**

4    Tessera argues the court's order on DDJR 14 prohibits any degree of destructive testing,

5    period, because the court told the parties to agree upon "reasonable steps the parties will take to

6    maintain . . . the physical integrity of the packages."  Tessera also argues UTC's request for

7    destructive testing is an untimely new demand that cannot be justified under the mandatory expert-

8    witness disclosure requirements of Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(B).

9    Tessera therefore proposes that the lab should simply take new scanning electron microscope

10   photographs of the cross sections that Tessera already created and photographed.

11   UTC argues that Tessera's existing cross sections might misrepresent the original state of

12   the packages, because a cross section that is created with a rapid or rough grinding process is

13   likely to displace soft internal materials near that cross section.  Dkt. No. 366 at 3.  UTC therefore

14   proposes that the lab grind new cross-sectional openings in locations that were not previously

15   damaged when Tessera created the existing cross sections.  *Id.* at 4.  UTC claims that the creation

16   of new cross sections is unlikely to damage the existing cross sections, *id.* at 5-6, and Tessera does

17   not dispute that claim.  UTC also proposes that the lab remove "any leftover metal film that

18   Tessera may have added to its cross-section[s]" so that the lab may take x-ray photos of those

     cross sections.  *Id.*

19   Tessera's proposal would not reasonably give effect to the court's prior order.  The court

20   ordered the parties to agree upon proposals for new "testing" that might provide UTC a fair

21   opportunity to verify the accuracy of Tessera's prior testing.  Dkt. No. 361 at 5-6.  New

22   photographs of the existing cross sections would not help to illuminate whether those cross

23   sections, due to the process that created them, misrepresent the original internal state of the

24   packages.  True, the court ordered the parties to take "reasonable steps" to protect the physical

25   integrity of the packages during the testing, Dkt. No. 361 at 5, but the court is not persuaded that

26   the only reasonable step is to forego meaningful new testing altogether.  Likewise, the court

27   rejects Tessera's attempt to re-litigate the FRCP 26(a)(2)(B) argument Tessera already presented

28   in DDJR 14.  Tessera previously argued that new tests of the semiconductor packages should not

United States District Court
Northern District of California

2

occur because such tests could not be justified under the scope of mandatory expert-witness disclosure. The court noted Tessera's argument, *id.* at 2, but the court clearly rejected that argument when it found an independent basis to order new testing pursuant to FRCP 34. *Id.* at 4-5.

UTC, in contrast, has proposed tests consistent with the court's previous order. UTC's proposed plan is not an untimely new request. Rather, UTC's proposal appears reasonably designed to generate relevant test results and to also maintain the physical integrity of Tessera's existing cross sections. Even if the new tests inadvertently do some damage to Tessera's existing cross sections, Tessera will not be significantly prejudiced because Tessera has already photographed and analyzed the present state of those cross sections. *See Heraeus Inc. v. Solar Applied Material Tech. Corp.*, No. C 06-01191-RMW (RS), 2006 WL 2168851, at *2 (N.D. Cal. 2006) (contemplating that it might become appropriate to permit the manufacturer of a product to conduct destructive tests to verify the accuracy of the opposing party's intended tests); *Garcia v. Aartman Transp. Corp.*, No. 4:08-cv-77, 2011 WL 665451, at *3-4 (N.D. Ind. 2011) (permitting the partial destruction of a ladder to facilitate scanning electron microscope photography when the opposing party has an opportunity to document the present state of the ladder and an opportunity to conduct similar tests).

Conclusion

UTC's reasonable plan shall be enforced. Within three days Tessera shall submit the open-market packages to the lab selected by the parties for tests based on UTC's plan.

**IT IS SO ORDERED.**

Dated: 10/26/15

_____
HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California