E-Filed 11/18/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC., <br>     Plaintiff, <br>   v. <br> UTAC (TAIWAN) CORPORATION, <br>     Defendant. | Case No. 10-cv-04435-EJD (HRL) <br><br> **ORDER DENYING MOTION FOR SANCTIONS** <br> Re: Dkt. No. 356 |

Tessera, Inc. ("Tessera") sues UTAC (Taiwan) Corporation ("UTC") for breach of contract and patent infringement. Tessera served a subpoena on UGS America Sales Inc. ("UGS America") in February of 2015. UTC disputed the relevance of the subpoenaed information and the parties filed discovery dispute joint report ("DDJR") 12. Dkt. No. 325. The court agreed the subpoena sought some irrelevant information and therefore, in late May, limited the subpoena "to the topic of actual sale of UTC products by UGS America" and also "narrowed [the subpoena] to seek only documents in the possession of UGS America (and not its corporate affiliates)." *Id.* at 5. The court ordered UTC to produce all responsive documents within 14 days and also ordered UGS America "to designate a witness to testify to [certain topics], as narrowed, at a mutually agreeable date shortly following the document production." *Id.*

A few days later UTC represented to Tessera that no information responsive to the limited scope of the subpoena exists. Dkt. No. 356-4 at 4. UTC also argued that Tessera had already taken more than ten depositions and therefore, under Federal Rule of Civil Procedure ("FRCP") 30, Tessera needed leave of court before it could depose a witness pursuant to the court's order on DDJR 12. Tessera disagreed and insisted the court's order justified a prompt deposition. *Id.* at 2. The parties continued to discuss their dispute and ultimately they resolved it without court intervention. UTC and UGS America designated a witness, and Tessera deposed that witness on

1 July 21, 2015. Dkt. No. 356-7 at 3.

2 Tessera now moves for an evidentiary sanction—a jury instruction that the jurors may assume UGS America refused to provide ordered discovery because that discovery would have been harmful to UTC and helpful to Tessera—as well as an award of costs under FRCP 37(b)(2)(C). Dkt. No. 356 at 29-30. Tessera argues that responsive documents exist but have not been produced and, likewise, that UGS America failed to adequately prepare the deposition witness to answer questions within the scope of the subpoena. Tessera also argues that during the deposition UTC and UGS's lawyers coached the witness and frequently interrupted Tessera's lawyer. Tessera's lawyer also accuses one of UTC and UGS's lawyers of trying to attack him. Dkt. No. 356 at 24-25. Tessera claims the acts of UTC, UGS, and their lawyers have prejudiced Tessera by depriving it of relevant discoverable information.

UTC argues that no responsive documents exist, that UGS and UTC's lawyers did nothing improper during the deposition, and that Tessera's lawyer deliberately generated a misleading written record during the deposition in order to support this pre-planned sanctions motion.

The court read the parties' briefs and watched the relevant portions of the deposition video recording, including the moment at which one lawyer purportedly threatens to attack another. The motion for sanctions is denied.

**Discussion**

The court rejects Tessera's argument that UTC and UGS America have failed to search for responsive documents, provide those documents, and prepare their witness to discuss information responsive to the subpoena. That argument relies on a series of quotes that show UGS America knew about UTC's sales to a company called Everspin, but that the witness did not know very much about those sales. Dkt. No. 356 at 14-15. UTC responds that those statements relate to direct sales between UTC and Everspin, not to sales between UGS America and Everspin, and therefore that information is beyond the narrowed scope of the subpoena. Dkt. No. 360 at 4-5. The court agrees with UTC. The subpoena requires only the production of information related to sales by UGS America of UTC products, and the witness clearly stated no such sales had been made: "Q. Did UGS America ever sell any UTC products from 2001 through the present day? A.

No. Q. And how did you determine that in preparing for this deposition today? A. The sale – the sale occurs between UTC and the customer. UGS America doesn't sell anything." Dkt. No. 356-7 at 13. The quotes relied on by Tessera do not contradict that testimony and do not raise any inference that responsive documents exist. UTC and UGS America were not required to prepare the witness to answer the questions Tessera asked that went beyond the narrowed scope of the subpoena.

Relatedly, the court is convinced Tessera has not been prejudiced by a lack of information about the Everspin sales. UTC asserts discovery materials about the direct sales from UTC to Everspin were already produced to Tessera. Dkt. No. 360 at 7. Tessera does not dispute that point—it merely speculates that UGS America also sold UTC products to Everspin, and the court rejects that speculation for the reasons discussed above.

The court also rejects the argument that UTC and UGS America's lawyers violated the court's order on DDJR 12 when they disputed whether it was necessary to hold a deposition pursuant to that order. It is correct that the court ordered the parties to promptly hold a deposition, but UTC and UGS America's lawyers raised a good-faith dispute about whether it had become necessary for Tessera to seek leave of court under FRCP 30. The parties, in accord with the undersigned's standing order re: civil discovery disputes, discussed that dispute for a few weeks and then resolved the dispute to the satisfaction of both parties. That is not improper or sanctionable behavior—that is precisely what the parties must attempt to do when they dispute how to apply the court's discovery orders.

The court finds Tessera's final argument—that opposing counsel objected frivolously, harassed Tessera's lawyer, and threatened to attack him during the deposition—to be overblown. The court read the cited portions of the transcript, watched the relevant portion of the deposition video, and listened to the audio that corresponds to Tessera's citations. The court also read the declarations of the neutral third-party videographer. The court is convinced that UTC and UGS America's lawyers conducted themselves with professionalism.

Tessera has failed to persuade the court sanctions or costs are warranted for any reason.

3

**Conclusion**

UTC and UGS America's lawyers did not violate the court's order on DDJR 12. The court is persuaded that no materials responsive to the narrowed subpoena exist. The court is also persuaded that UTC has already produced its relevant sales information to Tessera. UTC and UGS America's lawyers behaved with professionalism during the deposition. The motion for evidentiary sanctions is denied. The request for costs is denied.

**IT IS SO ORDERED.**

Dated: 11/18/15

HOWARD R. LLOYD
United States Magistrate Judge