UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>UTAC (TAIWAN) CORPORATION,<br><br>    Defendant. | Case No. 5:10-cv-04435-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE**<br><br>Re: Dkt. Nos. 239, 294 |

## I.  INTRODUCTION

Plaintiff Tessera, Inc. ("Tessera") and Defendant UTAC (Taiwan) Corporation ("UTC") entered into an agreement in 2001 which granted UTC a nonexclusive license to certain of Tessera's patents and patent applications in exchange for the payment of royalties.  After UTC notified Tessera that it would cease paying royalties for patents that were due to expire, Tessera initiated this case in 2010 for breach of contract, declaratory relief, and breach of the covenant of good faith and fair dealing.

Since then, the parties have litigated no fewer than 18 discovery disputes before Magistrate Judge Howard R. Lloyd.  In Discovery Dispute Joint Report #4, the parties could not agree whether UTC must produce technical and sales information relating to semiconductor packages for which UTC may only provide testing services.  In Discovery Dispute Joint Report #7, the

1

Case No.: 5:10-cv-04435-EJD
ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM NON-DISPOSITIVE
PRETRIAL ORDERS OF MAGISTRATE JUDGE

1  parties disputed whether UTC should respond to discovery which Tessera asserts is relevant to the
2  interpretation of the license agreement.
3  Judge Lloyd ruled on both of these disputes.  See Docket Item Nos. 225, 289.  Now before
4  this court are Tessera's motions for relief from Judge Lloyd's orders.  Because its arguments are
5  without merit, these motions will be denied.

## II.   LEGAL STANDARD

Subject to limitations not relevant here, any non-dispositive pretrial matter before the district court may be referred to a magistrate judge for determination.  28 U.S.C. § 636(b)(1)(A).  Once rendered, the decision of the magistrate judge may only be reconsidered by the district court where the order is "clearly erroneous" or "contrary to law."  Id.; Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  Tompkins v. R.J. Reynolds Tobacco Co., 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000).

The § 636(b)(1)(A) standard is not easily satisfied because it affords the magistrate judge significant deference.  United States v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court.").  This deference is particularly strong when it comes to discovery.  "[M]agistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of a clear abuse of discretion."  Anderson v. Equifax Info. Servs. LLC, No. CV 05-1741-ST, 2007 U.S. Dist. LEXIS 61937, at *5, 2007 WL 2412249 (D. Or. Aug. 20, 2007).

## III.   DISCUSSION

### A.   Discovery Dispute Joint Report #4

Tessera argues that Judge Lloyd's decision to deny disclosure of information related to

2
Case No.: 5:10-cv-04435-EJD
ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE

UTC's testing-only services is clearly erroneous because it misconstrues the First Amended Complaint ("FAC"). It also argues the order is contrary to "well-established law holding that discovery should be liberally granted." UTC disagrees with this assessment, and contends that Judge Lloyd correctly determined that royalties related testing-only services are not put at issue by the FAC.

This is a dispute about relevance. Under the version of Federal Rule of Civil Procedure 26(b) in a effect at the time of Judge Lloyd's ruling,[1] "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Rule 26(b) also clarifies that relevance for the purposes of discovery is a concept broader than the standard used to determine admissibility at trial. So long as it "appears reasonably calculated to lead to the discovery of admissible evidence," a party's request for information will be deemed proper. See Fed. R. Civ. P. 26(b)(1).

But although broad, the universe of what "is relevant to any party's claim or defense" is not unlimited. See Oppenheimer Fund v. Sanders, 437 U.S. 340, 351-52 (1978); see also Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. Mar. 17, 2006) (observing that relevancy for discovery "is not without 'ultimate and necessary boundaries.'"). Indeed, Rule 26(b) provides its own implied restriction. Since "discovery of any matter relevant to the subject matter involved in the action" can only be pursued upon a showing of good cause, discovery "relevant to any party's claim or defense" must be a category that is more limited in scope. Fed. R. Civ. P. 26(b)(1).

With this standard in mind, resolution of Tessera's challenge becomes a straightforward exercise. Without explicitly saying as much, Judge Lloyd essentially found that Tessera failed to satisfy its primary burden to establish that the information sought fell within the permissible scope

---

[1] An amended version of Rule 26(b) became effective on December 1, 2015.

3

Case No.: 5:10-cv-04435-EJD
ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE

of discovery.  See Khalilpour v. Cellco P'ship, No. C 09-02712 CW (MEJ), 2010 U.S. Dist. LEXIS 43885, at *4, 2010 WL 1267749 (N.D. Cal. Apr. 1, 2010) ("Once the moving party establishes that the information requested is within the scope of permissible discovery, the burden shifts to the party opposing discovery.").  This was so because, as Judge Lloyd explained, "the first amended complaint does not claim royalties on UTC's testing-only services . . . . Rather, the first amended complaint asserts a claim only against packages that are 'made by' UTC."  This determination was not clearly erroneous; the FAC nowhere mentions royalties relating to products that UTC tests but does not make.

Nor did Judge Lloyd misapply discovery law.  As already noted, information is generally discoverable under Rule 26(b) when it is relevant to a party's claim or defense, and Tessera did not attempt to make a showing of good cause for "subject matter" discovery.  Thus, once Judge Lloyd determined that testing-only royalties were not encompassed by the FAC, discovery related to that topic was properly denied as irrelevant.

Tessera's other arguments are similarly without merit.  Tessera believes that Judge Lloyd de facto decided a disputed issue of contract interpretation by construing the FAC in a way that excludes testing-only royalties.  But Judge Lloyd explicitly disclaimed any such decision in the written order and explained the ruling was based solely on the FAC, not the terms of the contract.  This court will not read something more into the decision beyond what it says, particularly when using the allegations of the complaint to set the bounds of discovery is not clearly erroneous.  See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1292 (9th Cir. 2000) (explaining that "[a] complaint guides the parties' discovery").  As Judge Lloyd noted, the question presented by this dispute is not whether the parties' contract may provide for testing-only royalties, but rather whether Tessera's pleading sought such royalties.  Those are distinct issues.

Moreover, the court is not persuaded that decisions made in Tessera, Inc. v. Sony Corp., No. 5:11-cv-04399 EJD, 2012 U.S. Dist. LEXIS 168277, 2012 WL 5915417 (N.D. Cal. Nov. 26, 2012), and Powertech Technology, Inc. v. Tessera, Inc., No. C 11-6121 CW, 2014 U.S. Dist.

4

Case No.: 5:10-cv-04435-EJD
ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE

1  LEXIS 5441, 2014 WL 171830 (N.D. Cal. Jan. 15, 2014), compel some other result. Neither of

2  those decisions discussed whether a discovery request was permissible under Rule 26(b) based on

3  the allegations in a complaint.

4  Because Judge Lloyd's decision on Discovery Dispute Joint Report #4 is neither clearly

5  erroneous nor contrary to law, the court declines Tessera's request to overrule it.

### B.   Discovery Dispute Joint Report #7

According to Tessera's motion, the discovery at issue in Discovery Dispute Joint Report #7 is directly relevant to arguments made by UTC in a motion for summary judgment regarding contract interpretation. There, the parties disputed whether the licensing agreement contained an implicit geographical limitation based on the legal effectiveness of patents generally. This issue has yet to be finally resolved.

However, the pendency of that issue does not mean that Tessera is entitled to the discovery which it seeks here. The court has reviewed Judge Lloyd's determinations on Tessera's specific requests and cannot find that any those decisions are either clearly erroneous or contrary to law. Indeed, Judge Lloyd found the requests were mostly cumulative and unnecessary or overbroad and unduly burdensome. This court concurs with Judge Lloyd's findings. In addition, the court agrees with Judge Lloyd's determination that some of the requests sought information irrelevant to the geographic scope issue.

Tessera's attempt to reframe Judge Lloyd's ruling as a misapplication of California contract law is unpersuasive. Even if the court assumes that all of what Tessera sought through Discovery Dispute Joint Report #7 is somehow relevant to what the parties intended on the issue geographic scope of royalties – which it notably is not – that does not mean that production of such discovery is neither cumulative, overbroad or unduly burdensome. Accordingly, the court will not modify the order addressing Discovery Dispute Joint Report #7.

### IV.   ORDER

Tessera's motions for relief from the orders addressing Discovery Dispute Joint Reports #4

and #7 (Docket Item Nos. 239, 294) are DENIED.

**IT IS SO ORDERED.**

Dated: January 15, 2016



EDWARD J. DAVILA
United States District Judge

Case No.: 5:10-cv-04435-EJD
ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE