# Exhibit 6

# To The Declaration of Richard W. Krebs

MICHAEL F. HEAFEY (SBN: 153499)
BRIAN H. VANDERZANDEN (SBN: 233134)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Tel: (650) 614-7400
Fax: (650) 614-7401
mheafey@orrick.com
bvanderzanden@orrick.com

LAWRENCE B. FRIEDMAN (*pro hac vice*)
DAVID H. HERRINGTON (*pro hac vice*)
One Liberty Plaza
New York, NY 10006-1470
Tel: (212) 225-2000
Fax: (212) 225-3999
lfriedman@cgsh.com
dherrington@cgsh.com

Attorneys for Defendant UTAC (Taiwan) Corporation

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | )<br>)<br>) Case No. CV 10-4435-JF |
| Plaintiff, | ) |
| v. | )<br>) **DEFENDANT UTAC (TAIWAN)** |
| | ) **CORPORATION'S RESPONSES AND** |
| UTAC (TAIWAN) CORPORATION | ) **OBJECTIONS TO PLAINTIFF** |
| | ) **TESSERA, INC.'S FIRST SET OF** |
| | ) **INTERROGATORIES** |
| Defendant. | )<br>) |

PROPOUNDING PARTY:      Tessera, Inc.

RESPONDING PARTY:      UTAC (TAIWAN) CORPORATION

SET NUMBER:      One (1)

TO TESSERA, INC. AND ITS ATTORNEYS OF RECORD:

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Rule 33-1 of the Civil

Local Rules for the United States District Court for the Northern District of California, UTAC

Tessera Patents licensed hereunder." The Patent License Agreement provides no other criteria to define what is royalty-bearing.

The statements outlined above are only examples of the assertions and testimony that Tessera and its witnesses made in the UTAC Singapore litigation confirming that the UTAC Taiwan Patent License Agreement is an infringement-based agreement that requires royalties only for products that use the licensed Tessera patents.

**INTERROGATORY NO. 2:**

Set forth each and every factual basis for UTAC's contention that it is no longer obligated to pay royalties for any UTAC product pursuant to The Agreement, including without limitation all persons with knowledge of any such factual basis.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections, UTAC Taiwan specifically objects to the Interrogatory to the extent that it seeks information that is protected by the attorney-client or work-product privileges, or is otherwise privileged. UTAC Taiwan further objects to the Interrogatory on the ground that it is overbroad, unduly burdensome and oppressive insofar as it purports to require UTAC Taiwan to identify "all persons with knowledge of any such factual basis."

Subject to and without waiving its objections, UTAC Taiwan responds as follows: Tessera has not demonstrated that UTAC Taiwan is making or selling any "Tessera Compliant Chip" (or "TCC"), which, as discussed above, the Patent License Agreement defines to be "a type of integrated circuit ('IC') package which is the subject matter of certain Tessera Patents licensed hereunder."

**INTERROGATORY NO. 3**:

Identify each UTAC product that was "covered by licensed Tessera patents" (as that phrase was used in the September 23, 2010 letter from Johnson Hsu to Tessera, Inc.) prior to September 24, 2010.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections, UTAC Taiwan specifically objects to the Interrogatory to the extent that it seeks information that is protected by the attorney-client or work-

UTAC TAIWAN'S RESPONSES AND OBJECTIONS TO TESSERA'S FIRST SET OF INTERROGATORIES

product privileges, or is otherwise privileged.  Further, this Interrogatory seeks information outside the scope of discovery as defined by the Court at the March 18, 2011 case management conference.

**INTERROGATORY NO. 4:**

For each UTAC product that was "covered by licensed Tessera patents" (as that phrase was used in the September 23, 2010 letter from Johnson Hsu to Tessera, Inc.) prior to September 24, 2010, identify each and every Tessera patent which covered each such product.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections, UTAC Taiwan specifically objects to the Interrogatory to the extent that it seeks information that is protected by the attorney-client or work-product privileges, or is otherwise privileged.  Further, this Interrogatory seeks information outside the scope of discovery as defined by the Court at the March 18, 2011 case management conference.

Dated:  April 11, 2011                    CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:  _David Hey_____

LAWRENCE B. FRIEDMAN (*pro hac vice*)
DAVID H. HERRINGTON (*pro hac vice*)
One Liberty Plaza
New York, NY 10006-1470

MICHAEL F. HEAFEY
BRIAN H. VANDERZANDEN
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025-1015

*Attorneys for Defendant UTAC (Taiwan) Corporation*

UTAC TAIWAN'S RESPONSES AND
OBJECTIONS TO TESSERA'S FIRST SET OF
INTERROGATORIES

**VERIFICATION**

I, WEN-SHU (WENDY) PAN, verify as follows:

1.      I am Vice President of UTAC (Taiwan) Corporation.  I have read and know the contents of the foregoing answers to interrogatories.  Those answers were prepared by and with the assistance of the corporation's employees and with the assistance and advice of counsel, upon which I have relied; and those answers are true to the best of my knowledge, information and belief.

2.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of April 2011 in Hsinchu, Taiwan ROC.


Wen-Shu (Wendy) Pan