# Exhibit 8

# To The Declaration of Richard W. Krebs

Irell & Manella LLP
Attn: Lipner, Joseph M.
1800 Avenue of the Stars
Suite 900
Los Angeles, CA    90067-4276

K&L Gates LLP
Attn: Bettinger, Michael J.
Four Embarcadero Center
Suite 1200
San Francisco, CA    94111

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Tessera, Inc., a corporation

Plaintiff/Petitioner(s)

VS.

United Test and Assembly Cen

Defendant/Respondent(s)
(Abbreviated Title)

No. RG08410327

Order

Motion for Summary Judgment/Adjudication
Partial Grant

The Motion for Summary Judgment/Adjudication filed for Tessera, Inc., a corporation was set for hearing on 12/11/2009 at 11:00 AM in Department 20 before the Honorable Robert B. Freedman. The Tentative Ruling was published and was contested.

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  The Motion of plaintiff and cross-defendant Tessera, Inc. ("Tessera") for Summary Adjudication on United Test and Assembly Center Ltd.'s ("UTAC's") Fifth Affirmative Defense, Sixth Affirmative Defense, First Cause of Action in its Cross-Complaint and Second Cause of Action in its Cross Complaint is ruled on as follows:

1) UTAC's 5th and 6th affirmative defenses ("AD") each are based on allegations of "patent misuse," the 5th AD asserting that Tessera's proposed interpretation of the TCC License Agreement dated February 2, 2004 ("Subject Contract") must be rejected because it would render the subject contract unlawful and unreasonable, and the 6th AD asserting that if the Subject Contract were given the meaning for which Tessera contends, then it would be void as contrary to public policy. The alleged patent misuse is the coercion of the payment (or agreement to pay) of royalties not covered by Tessera patents and for time periods that go beyond the life of the patents. Similarly, UTAC's 2nd cause of action in its cross-complaint is for a declaratory judgment that Tessera's proposed interpretation would render the Subject Contract unlawful and unreasonable.

2) Tessera asserts that the Subject Contract is a type of "portfolio license" or "package license" in which royalties are based on "total sales" rather than a patent-by-patent infringement analysis, and that this kind of license agreement has been established by many cases as being lawful. (Citing, inter alia, Texas Instruments, Inc. v. Hyundai Elecs. Indus., 49 F.Supp.2d 893.) Tessera further asserts that patent misuse necessarily includes proof of some extraordinary and anticompetitive misconduct during negotiations constituting "coercion." (Citing Mutchnik v. M.S. Willett, Inc., 337 A.2d 72, 76.) Here, argues Tessera, UTAC has not, and cannot produce any evidence to support the element of coercion. With respect to the expiration date of the Subject Contract ("the expiration of the last to expire of any Tessera Patent"), Tessera argues that, like other forms of misuse, coercion must be proved, and that "last patent to expire" expiration provisions have routinely been upheld.

3) In its opposition, UTAC first asserts that it has articulated many grounds on which Tessera's proposed interpretation of the Subject Contract would be unlawful, unreasonable and contrary to public

Order

policy, not just patent misuse. Having said that, however, UTAC fails to explain what those other grounds are, or to otherwise develop this opposition argument. Based on the allegations contained in the 5th and 6th affirmative defenses and the 2nd cause of action in the Cross-Complaint themselves, the Court concludes that patent misuse arguments presented in this Motion will, if successful, fully dispose the 5th and 6th affirmative defenses and the 2nd cause of action in the cross-complaint.

4) On the issue of patent misuse, UTAC effectively side-steps the coercion element by asserting that Tessera has proffered no evidence that UTAC knowingly and voluntarily consented to an arrangement whereby it would pay royalties for products not covered by any licensed patent, that Tessera never suggested such an arrangement, and that if it had, UTAC would not have agreed. In the Court's view, these arguments clarify that the dispute that underlies the claims and cross-claims in this case is one of contract interpretation. The patent misuse issue would only arise if Tessera were to prevail on its interpretation of the Subject Contract, and in that event UTAC would be required to prove coercion. While UTAC's arguments regarding what was suggested by Tessera and agreed to by UTAC may come into play if the Subject Contract is first found to be ambiguous, these arguments have no bearing on patent misuse. The Motion is GRANTED as to the 5th and 6th affirmative defenses and the 2nd cause of action in the cross-complaint. UTAC has presented no evidence of coercion, and has failed to demonstrate that if Tessera's interpretation of the Subject Contract prevails the application of the expiration clause would constitute patent misuse.

5) Tessera also moves for summary adjudication of the 1st cause of action in the Cross-Complaint, for declaratory relief as to the Subject Contract. More specifically, Tessera seeks summary adjudication as to UTAC's claim in paragraph 84 of the Cross-Complaint that its "face-up packages do not fall within the definition of "TCC Licensed Products" in the Subject Contract. In support of this portion of the Motion, Tessera sets forth each element of the definition from the Subject Contract, and submits evidence supporting its ultimate conclusion that the face-up package manufactured by UTAC falls within this definition. UTAC responds in kind, submitting evidence that it claims supports its own conclusion that the face-up package it manufactures does not fall within the Subject Contract definition.

6) The Motion is DENIED as to the 1st cause of action in the cross-complaint. First, although this issue was not raised by UTAC, Tessera's Motion, directed as it is solely to paragraph 84 of the cross-complaint, would not fully dispose of a cause of action (Code of Civil Procedure section 437c(f)(1) and is DENIED on this basis alone. Second, even if UTAC's allegations regarding its face-up package were the subject of a discrete cause of action, there are triable issues of material fact as to whether the face-up package manufactured by UTAC falls within the definition of TCC Licensed Products in the Subject Contract. (See Tessera's Undisputed Material Facts 18-30 and UTAC's Additional Facts 23-37, together with admissible evidence in support and dispute thereof.)

7) Tessera's evidentiary objections to the Declaration of Hoong Leong Lee and exhibits thereto are SUSTAINED by separate order, which order will be filed under seal pursuant to the sealing order issued on December 11, 2009.

Dated:  12/14/2009                                          facsimile

_____
Judge Robert B. Freedman

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG08410327
Order After Hearing Re: of 12/14/2009

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 12/15/2009.

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk